[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11497
Non-Argument Calender

_____

D.C. Docket No. 0:98-cr-06229-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH JACKSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2012)

Before CARNES, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Kenneth Jackson pleaded guilty to one count of possession with intent to

distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  The presentence investigation report concluded that he was a career offender under United States Sentencing Guidelines § 4B1.1 (Nov. 1998).  Because Jackson was a career offender and the offense carried a maximum life sentence, the PSR recommended a base offense level of 37.  See id. § 4B1.1(A).  After a 3-level reduction for acceptance of responsibility, see id. § 3E1.1, Jackson's total offense level was 34.  As a career offender, Jackson's criminal history category was VI.  See id. § 4B1.1.  The result was a guidelines range of 262 to 327 months in prison.  The district court adopted the PSR and sentenced Jackson to 262 months imprisonment.

Jackson filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the guidelines had reduced his guidelines range.  The district court denied Jackson's motion, concluding that it lacked authority to reduce Jackson's sentence because he had been sentenced under the career offender guideline.  This is Jackson's appeal.

The district court did not err in denying Jackson's § 3582(c)(2) motion.  In United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), we held that "[w]here a retroactively applicable guideline amendment reduces a defendant's [otherwise applicable] base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not

2

authorize a reduction in sentence." Moore controls here. Amendment 750 reduced the base offense levels for crack cocaine trafficking crimes, but it did not reduce the offense level for a career offender subject to a maximum life sentence. For that reason, Amendment 750 did not lower Jackson's career offender guidelines range, so the district court is not authorized to reduce his sentence under § 3582(c)(2). See Moore, 541 F.3d at 1330; see also United States v. Glover, — F.3d —, No. 12-10580, 2012 WL 2814303, at *3 (11th Cir. July 11, 2012) ("[Section 3582(c)(2)], the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case. It is that simple."). Jackson argues that the Supreme Court's decision in Freeman v. United States, 564 U.S. —, 131 S.Ct. 2685 (2011), abrogated our decision in Moore, but we have already rejected that argument in another case. See United States v. Lawson, — F.3d —, No. 11–15912, 2012 WL 2866265, at *2–3 (11th Cir. July 13, 2012).

    **AFFIRMED.**

3