[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10062
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00026-CAR-CHW-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MYRON MCCRARY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 25, 2012)

Before CARNES, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Myron McCrary, a federal prisoner, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.

## I.

In September 2010, Myron McCracy pleaded guilty to distributing more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  He was sentenced in January 2011 to a 120-month prison sentence, in accordance with the pre-sentence report (PSR).  The PSR recommended a range of 120 to 121 months, based on a 120-month, or ten-year, mandatory minimum under § 841(b)(1)(A)(iii).  McCrary filed a § 3582(c)(2) motion in November 2011, arguing that he was entitled to resentencing under Amendment 750 to the Sentencing Guidelines as it applied to U.S.S.G. § 2D1.1.  The district court denied the motion, and McCrary appealed.

## II.

"We review de novo a district court's conclusion that a defendant is not eligible for a sentence reduction under § 3582(c)(2)." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012).

To begin, the arguments McCrary raise in his brief do not relate to his § 3582(c)(2) motion.  Instead, McCrary pursues claims on appeal relating to

2

ineffective assistance of counsel, which we will not address here.[1]  See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (declining to consider "extraneous resentencing issues" unrelated to § 3582(c)(2)).  With regard to his § 3582(c)(2) motion, we affirm the district court.  Section 3582(c)(2) allows a district court to resentence a federal prisoner "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  However, the Sentencing Commission has not lowered the sentencing range as it applies to McCrary's conviction insofar as he was sentenced in January 2011, and his sentencing range has not "subsequently been lowered" since that date.

The Sentencing Commission implemented an emergency amendment—Amendment 748—to the Guidelines on November 1, 2010 to reduce sentences for cocaine base offenses, pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).  See U.S.S.G. App. C, amend. 748. At the time of McCrary's sentencing in January 2011, his PSR recommended a Guidelines range in accordance with the Sentencing Guidelines Manual effective November 1, 2010.  Effective November 1, 2011, the Sentencing Commission

---

[1]  In January 2012, McCrary filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  This motion remains pending before the district court.

3

promulgated Amendment 750, which made permanent the emergency revisions of Amendment 748. See id., amend. 750. Amendment 750 did not further lower the sentencing ranges under U.S.S.G. § 2D1.1(c). See id. In other words, McCrary had already benefitted from the reduced sentencing range under § 2D1.1 for offenses involving cocaine base.

We also observe that McCrary's sentence was based on a statutory mandatory minimum of 120 months. We have repeatedly held that § 3582(c)(2) relief is not available to defendants who were sentenced on the basis of a statutory mandatory minimum. See Glover, 686 F.3d at 1206–07; United States v. Mills, 613 F.3d 1070, 1079 (11th Cir. 2010).

Because the relevant sentencing range has not been lowered by the Sentencing Commission since McCrary's sentencing, the district court lacked authority to resentence him under § 3582(c)(2). See Glover, 686 F.3d at 1208.

III.

For these reasons, we AFFIRM the district court.