[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12444
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-14072-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK TYRONE LAMB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 8, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Derrick Tyrone Lamb pleaded guilty to two counts of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report concluded that he was a career offender under United States Sentencing Guidelines § 4B1.1(a) (Nov. 2007). Because Lamb was a career offender and his drug convictions carried a maximum sentence of 40 years imprisonment, the PSR recommended a base offense level of 34. See id. § 4B1.1(b)(B). After a 3-level reduction for acceptance of responsibility, see id. § 3E1.1, Lamb's total offense level was 31. As a career offender, Lamb's criminal history category was VI. See id. § 4B1.1(b). The result was a guidelines range of 188 to 235 months imprisonment. Lamb did not object to the PSR, which the district court adopted and then sentenced Lamb to 235 months imprisonment.

Lamb filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the guidelines had reduced his guidelines range. The district court denied Lamb's motion, concluding that it lacked authority to reduce Lamb's sentence because he had been sentenced under the career offender guideline. This is Lamb's appeal.

The district court did not err in denying Lamb's § 3582(c)(2) motion. In United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), we held that

"[w]here a retroactively applicable guideline amendment reduces a defendant's [otherwise applicable] base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Moore controls here. Amendment 750 retroactively reduced the base offense levels for some crack cocaine offenses, but it did not retroactively reduce the offense level for career offenders. For that reason, Amendment 750 did not lower Lamb's career offender guidelines range and the district court is not authorized to reduce his sentence under § 3582(c)(2). See Moore, 541 F.3d at 1330; United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012) ("[Section 3582(c)(2)], the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case. It is that simple."); see also United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) ("[T]he district court correctly denied Lawson's § 3582(c)(2) motion because his guideline range was not lowered by Amendment 750.").

    **AFFIRMED.**