[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13457
Non-Argument Calendar

_____

D.C. Docket No. 4:96-cr-00065-CDL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS EUGENE MITCHELL,
a.k.a. Paradise,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 1, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Curtis Eugene Mitchell appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  Mitchell's guidelines range was 240 to 293 months due to the operation of a statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A).  His § 3582(c)(2) motion was based on Amendment 750, which permanently amended U.S.S.G. § 2D1.1 by revising the drug quantity table to reduce offense levels associated with various amounts of crack cocaine.  On appeal, Mitchell argues the district court erred in denying his § 3582(c)(2) motion because he was sentenced to a statutory mandatory maximum sentence, rather than a statutory mandatory minimum sentence.  He also argues the sentencing enhancement he received at his original sentencing was invalid.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  In *United States v. Mills*, 613 F.3d 1070 (11th Cir. 2010), we held that "a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum."  *Id*. at 1078.

Mitchell was subject to a statutory mandatory minimum of 240 months pursuant to § 841(b)(1)(A).  Because his guidelines range was based on a statutory mandatory minimum—and not the maximum, as he contends—Amendment 750

2

did not lower his guidelines range, and Mitchell was not eligible for a sentence reduction under § 3582(c)(2). *Mills*, 613 F.3d at 1078; *see also United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) (holding that "an amendment that alters the initial calculation of a guidelines range is not to be applied in a case where . . . a mandatory minimum would have trumped the initial calculation and dictated the final guidelines range anyway"). Moreover, to the extent Mitchell seeks to challenge the enhancements to his original sentence, the district court lacks authority to revisit that determination in a § 3582(c)(2) proceeding. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010) (holding that because "the aspects of his sentence that Dillon [sought] to correct were not affected by the Commission's amendment to § 2D1.1, they [were] outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them"). Accordingly, we affirm the district court's denial of Mitchell's § 3582(c)(2) motion.

**AFFIRMED.**