[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12765
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cr-00062-MCR-1


UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

versus

TABITHA DIXON,

                                                              Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 11, 2013)

Before CARNES, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

    Tabitha Dixon, a federal prisoner who pled guilty to conspiracy to distribute

and possess with intent to distribute cocaine base and knowingly using and

carrying a firearm during and in relation to a drug trafficking crime, appeals, *pro se*, the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Sentencing Guidelines.  On appeal, Dixon argues that she was entitled to a sentence reduction based on her newly amended guideline range and that the district court failed to consider that her statutory mandatory minimum sentence was also amended by the Fair Sentencing Act of 2010 ("FSA").  For the reasons set forth below, we vacate and remand for the district court to reconsider whether a sentence reduction is warranted.

I.

In 2006, Dixon pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), (b)(1)(B)(iii) and 846 ("Count One"), and carrying and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two").

The presentence investigation report ("PSI") indicated that Dixon was responsible for 2.8 kilograms of cocaine base.  Because the drug quantity exceeded 1.5 kilograms of cocaine base, the probation officer assigned a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c).  After a three-level reduction for acceptance of responsibility, Dixon's total offense level was 35.  The offense level of 35 and her criminal history category of I resulted in a guideline range of 168 to 210

months' imprisonment.  Further, as to Count One, Dixon faced a mandatory minimum 60-month sentence, and as to Count Two, she faced a mandatory consecutive 60-month sentence.

Prior to sentencing, the government filed a motion for a sentence reduction under U.S.S.G. § 5K1.1, indicating that Dixon had provided substantial assistance to the government.  In consideration of Dixon's cooperation, the court granted a substantial assistance reduction as to the drug charge (Count One), but denied a reduction as to the firearm charge (Count Two).  The court noted that, absent the § 5K1.1 motion, it would have imposed a sentence "somewhere in the mid[-]point" of Dixon's guideline range of 168 to 210 months' imprisonment, "which probably would have been about 180 months."  Ultimately, in August 2006, the court imposed a 120-month total sentence, consisting of a 60-month sentence as to Count One with a mandatory consecutive 60-month sentence as to Count Two.

In March 2008, Dixon filed a § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines.  Through counsel, she argued that Amendment 706 lowered her base offense level from 38 to 36, which resulted in a lower guideline range of 135 to 168 months' imprisonment.

In December 2008, the district court denied the § 3582(c)(2) motion.  The court noted that the "mid-point" of Dixon's reduced guideline range of 135 to 168 months' imprisonment was still 30 months greater than the sentence that she

3

received after her substantial assistance reduction. The court found that, "[b]ased on the facts supporting the original sentence, including [Dixon's] substantial assistance, the court would not have reduced [her] sentence below 120 months even after [the] application of Amendment 706."

In November 2011, Dixon filed the instant *pro se* § 3582(c)(2) motion based on Amendment 750. In her motion, Dixon argued that she should receive a sentence reduction based on post-sentencing, retroactive changes to the drug quantity tables in § 2D1.1. Dixon noted that she initially received a 67% reduction in her sentence as to the drug charge based on the government's § 5K1.1 motion. She thus asserted that, as to the drug charge, she was entitled to a comparable 67% reduction below her amended guideline range. Accordingly, she requested that the district court reduce her sentence to 90 months' imprisonment.

The district court denied Dixon's § 3582(c)(2) motion, noting that it had considered the policy statement set forth in U.S.S.G. § 1B1.10 and the § 3553(a) sentencing factors, "to the extent they are applicable." Additionally, without further explanation, the court found that Amendment 750 did not result in a change to Dixon's "guideline range and the previous sentence imposed."

II.

We review *de novo* the district court's determination that a defendant is not eligible for a sentence reduction under § 3582(c)(2). *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

"As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c)." *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008). One such exception is for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* (quotation omitted); *see also* 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Williams*, 549 F.3d at 1339 (quotation and alteration omitted); *see* 18 U.S.C. § 3582(c)(2).

Amendment 750 to the Sentencing Guidelines, made retroactively applicable by Amendment 759, makes permanent the temporary emergency Amendment 748, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c) pursuant to the FSA. *See* U.S.S.G. App. C, Amend. 750, Reason for Amend.; U.S.S.G. App. C, Amend. 759. Subsection 1B1.10(b)(2)(B) of the Sentencing Guidelines, as revised by Amendment 759, states:

5

> Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (2011).  Government motions for substantial assistance under § 5K1.1 are explicitly listed as being included within the exception.  U.S.S.G. § 1B1.10, comment. (n.3).

Nevertheless, in a § 3582(c)(2) proceeding, the district court lacks the authority to reduce a defendant's sentence when the amended guideline "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment. (n.1(A)).

As an initial matter, because it appears that the district court erred for the reasons discussed below, we decline to review the merits of Dixon's FSA argument.

In denying Dixon's § 3582(c)(2) motion, the district court clearly erred in concluding that Amendment 750 did not have the effect of reducing her guideline range.  Dixon's original base offense level was 38, and after a 3-level reduction for

acceptance of responsibility, she was assigned a total offense level of 35.  Her resulting guideline range was 168 to 210 months' imprisonment as to the drug count with a 60-month mandatory consecutive sentence as to the firearm count. Had Amendment 750 been in effect at the time of Dixon's sentencing, she would have received a base offense level of 36 based on the 2.8 kilograms of cocaine base for which she was held responsible.  *See* U.S.S.G. App. C, Amend. 750, Pt. A, *cross referencing* U.S.S.G. App. C, Amend. 748; U.S.S.G. § 2D1.1(c)(2) (2011). After the reduction for acceptance of responsibility, her total offense level would have been 33, which, combined with her criminal history category of I, would have yielded a reduced guideline range of 135 to 168 months' imprisonment as to the drug count.

The government suggests that, even though Dixon's earlier motion for a sentence reduction based on Amendment 706 was denied, her base offense level was reduced to 36 under that Amendment.  Thus, the government contends that Dixon's instant § 3582(c)(2) motion was properly denied because Amendment 750 did not provide for a further reduction in her base offense level.  However, because the district court denied Dixon's § 3582(c)(2) motion based on Amendment 706, her base offense level as of her last sentencing proceeding was 38.  In denying her prior § 3582(c)(2) motion, the district court found that, based on the underlying facts and circumstances of the case, Dixon was not entitled to a further reduction

below the sentence that she received for her substantial assistance.  In considering, upon remand, whether to grant a sentence reduction based on Amendment 750, the district court may reach a similar conclusion that a further sentence reduction is not warranted.  Alternatively, the district court may decline to grant Dixon a comparable substantial assistance reduction below her amended guideline range because, regardless of the applicable guideline range, her assistance to the government did not warrant a sentence below the 60-month mandatory minimum sentence applicable to Count One.  However, in denying the instant § 3582(c)(2) motion, the district court did not address these issues because it appears to have erroneously determined that Amendment 750 did not have the effect of lowering Dixon's applicable guideline range.  For the foregoing reasons, we vacate and remand to the district court to reconsider whether Dixon was entitled to a sentence reduction comparable to the reduction that she received pursuant to the government's § 5K1.1 motion.

**VACATED AND REMANDED.**

8