[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13496
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cr-00062-MCR-CJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TABITHA DIXON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 19, 2014)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Tabitha Dixon, a federal prisoner proceeding pro se, appeals the district judge's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce sentence.  We affirm.

## I. BACKGROUND

In June 2006, Dixon pled guilty to conspiracy to distribute and possess with intent to distribute 500 or more grams of cocaine and 5 or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).  Dixon's presentence investigation report ("PSI"), which applied the 2005 Sentencing Guidelines Manual, assigned her a base offense level of 38 for Count 1, under U.S.S.G. § 2D1.1(c), because she was accountable for 2.8 kilograms of cocaine base.  The PSI awarded a 3-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1, which yielded a total offense level of 35.  The PSI assigned a criminal history category of I, which yielded a Sentencing Guidelines range of 168-210 months of imprisonment as to Count 1.  Dixon was subject to a consecutive term of 5 years to life on Count 2, under § 924(c)(1)(A)(i).

The district judge adopted the PSI Guidelines calculations and departed downward from the Guidelins range, based on Dixon's substantial assistance to the government, under U.S.S.G. § 5K1.1.  On each count, the judge imposed

2

consecutive 60-month sentences, the mandatory minimums, for a total sentence of 120 months.

In 2008, Dixon moved to reduce her sentence under § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines. The district judge denied Dixon's motion, because, based on the facts underlying Dixon's original sentence, including her substantial assistance, the judge would not have reduced her sentence below 120 months even after applying Amendment 706.

In November 2011, Dixon filed the § 3582(c)(2) motion on appeal, based on Amendment 750 to the Sentencing Guidelines. Dixon asserted her § 5K1.1 reduction had resulted in an initial sentence 67% below her original Guidelines range. She requested a comparable reduction below her amended Guidelines range, and argued that denying a further reduction would effectively lessen the benefit of her prior substantial-assistance reduction. In her § 3582(c)(2) motion, Dixon also discussed her various efforts toward rehabilitation. The district judge denied Dixon's motion, because Amendment 750 did not result in a change to Dixon's Guidelines range.

On appeal, we vacated and remanded for the district judge to reconsider whether Dixon was entitled to a sentence reduction comparable to the reduction she received under § 5K1.1. *United States v. Dixon*, 507 F. App'x 880, 881, 883 (11th Cir. 2013) (per curiam). We concluded the district judge clearly had erred,

3

when she determined Amendment 750 did not have the effect of reducing Dixon's guideline range. *Id.* at 883. Had Amendment 750 been in effect at the time of Dixon's sentencing, her total offense level would have been 33, which would have yielded a 135-to-168-month Guidelines range. *Id.* We noted that, on remand, the district judge could determine a further reduction below the sentence Dixon received for her substantial assistance was not warranted based on the facts of her case. *Id.*

On remand, the district judge again denied Dixon's § 3582(c)(2) motion. The judge noted she was "impressed by and applaud[ed]" Dixon's "substantial and meaningful" post-sentencing rehabilitative efforts, and the judge encouraged Dixon "to remain on a positive path toward reentry." ROA at 328. The judge acknowledged Amendment 750 reduced Dixon's guideline range to 135-168 months. The judge concluded, however, the facts and circumstances of Dixon's case, including those pertaining to Count 2, warranted a 120-month sentence, particularly after considering Dixon's co-conspirators' sentences. The judge further determined a 60-month sentence on Count 1 remained sufficient, but not greater than necessary, to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

On appeal, Dixon argues the district judge erred by failing to consider Dixon's eligibility for both a § 5K1.1 reduction and a reduction based on

Amendment 750.  According to Dixon, the denial of her § 3582(c)(2) motion dilutes her prior § 5K1.1 reduction and results in inequality between this circuit and circuits in which defendants received § 5K1.1 reductions resulting in sentences below the mandatory minimums.  Dixon also contends she was eligible for a sentence reduction based in part on the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372.

## II. DISCUSSION

We review a district judge's decision not to reduce a sentence under § 3582(c)(2) for abuse of discretion.  *United States v. Mills*, 613 F.3d 1070, 1074-75 (11th Cir. 2010).  Under § 3582(c)(2), a judge may modify a term of imprisonment that was based on a sentencing range that subsequently has been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  The purpose of § 3582(c)(2) is to give a defendant an opportunity to receive the same sentence she would have received if the Guidelines that applied at the time of her sentencing had been the same as after the amendment.  *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012); *see also United States v. Hamilton*, 715 F.3d 328, 340 (11th Cir. 2013) (explaining that eligibility for a § 3582(c)(2) reduction based on Amendment 750 turns on whether a defendant "would have had a lower guidelines range had Amendment 750 been in effect at the time he was sentenced").

Where a Guidelines amendment reduces a defendant's Guidelines sentencing range, the district judge must decide whether, in light of the § 3553(a) factors, the judge should exercise her discretion to impose a newly calculated sentence under the amended Guidelines. *Hamilton*, 715 F.3d at 337. A district judge need not articulate specifically the applicability of each § 3553(a) factor, as long as the record shows the pertinent factors were taken into account by the judge. *Id.* at 338.

Amendment 750, which re-promulgated Amendment 748, effectively reduced the offense levels previously applicable to offenses involving various amounts of cocaine base. *See* U.S.S.G. App. C, Amends. 748, 750; *compare* U.S.S.G. § 2D1.1(c)(2) (2011) (assigning a base offense level of 36 to offenses involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base), *with* U.S.S.G. § 2D1.1(c)(1) (2006) (assigning a base offense level of 38 to offenses involving at least 1.5 kilograms but less than 5 kilograms of cocaine base). The FSA, which lowered the statutory minimum sentences for various cocaine-base offenses, does not apply to defendants who originally were sentenced before its August 3, 2010, enactment. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).

Dixon has not shown the district judge abused her discretion in denying Dixon's § 3582(c)(2) motion. *See Mills*, 613 F.3d at 1074-75. The judge correctly

concluded Amendment 750 lowered Dixon's guideline range to 135-168 months of imprisonment. *See* U.S.S.G. § 2D1.1(c) (2011). The judge stated she had considered the § 3553(a) factors, including the facts and circumstances of Dixon's case, her substantial rehabilitative efforts, and the sentences of her co-conspirators. Although the judge did not refer explicitly to Dixon's substantial assistance, the record does not suggest the judge did not consider this factor, given that the § 3582(c)(2) motion was decided by the same district judge, who (1) imposed Dixon's initial sentence and (2) discussed Dixon's substantial assistance in the order denying her 2008 § 3582(c)(2) motion. Dixon has alleged no facts supporting her suggestion the denial of the § 3582(c)(2) motion resulted in unwarranted disparities between her and other defendants with similar records who were convicted of similar conduct, in this or other circuits. *See* 18 U.S.C. § 3553(a)(6) (instructing sentencing judges about "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

Finally, Dixon's argument as to the FSA has no bearing on her case, because the FSA does not apply to defendants, like Dixon, who initially were sentenced before its August 2010 enactment. *See Berry*, 701 F.3d at 377. Accordingly, we affirm the denial of Dixon's § 3582(c)(2) motion.

**AFFIRMED.**

7