[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10580
Non-Argument Calender
_____

D.C. Docket No. 3:05-cr-00006-RV-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DESHAWN TRAVIS GLOVER,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 11, 2012)

Before CARNES, HULL, and MARCUS, Circuit Judges.

CARNES, Circuit Judge:

Deshawn Glover, acting pro se, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines that lowered the base offense levels for certain crack cocaine crimes. He contends that Amendment 759 to the sentencing guidelines, U.S.S.G. App. C, amend. 759 (Nov. 2011), abrogates our holding in United States v. Mills, 613 F.3d 1070 (11th Cir. 2010), and gives the district court authority to reduce his sentence as a result of Amendment 750, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1 to conform to the Fair Sentencing Act of 2010, see U.S.S.G. App. C, amend. 750 (Nov. 2011).

## I.

In 2005, Glover pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and § 846, and one count of possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The presentence investigation report recommended a base offense level of 38 under United States Sentencing Guidelines § 2D1.1(c)(1) (Nov. 2004) because the offense involved 2 kilograms of crack cocaine. The PSR recommended a 3-level decrease for acceptance of responsibility under § 3E1.1, which resulted in a total offense level of 35. It determined that Glover had a

criminal history category of II.  That total offense level, combined with that criminal history category, normally leads to a guidelines range of 188 to 235 months in prison.  Glover, however, was subject to a mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A) because he had at least two "prior convictions for a felony drug offense."  Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum of life imprisonment became the guidelines range of life in prison.  See U.S.S.G. § 5G1.1(b).  This is important.  Glover did not have a guidelines range of 188 to 235 months in prison.  Instead, because of his prior drug offenses, he had a guidelines range of life in prison.

That is the guidelines range the PSR recommended, and the district court adopted that recommendation.  The government filed a motion under U.S.S.G. § 5K1.1 stating that Glover had provided "substantial assistance" to the government. Based on that motion, the district court departed downward from Glover's guidelines range of life in prison and sentenced him to 204 months in prison on each count, with each sentence to run concurrently.  See 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance . . . ."); U.S.S.G. § 5K1.1.  Glover did

3

not file a direct appeal.

In November 2011, the United States Sentencing Commission promulgated Amendment 750 to the sentencing guidelines, which, among other things, lowered the base offense level from 38 to 34 for crack cocaine offenses like Glover's that involve 2 kilograms of crack cocaine.  U.S.S.G. App. C, amend. 750; see U.S.S.G. § 2D1.1(c)(3) (Nov. 2011).  The Sentencing Commission also made that part of Amendment 750 retroactive.  See U.S.S.G. § 1B1.10(c).

Glover filed a pro se motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence, contending that under Amendment 750 his new total offense level is 31 (a base offense level of 34 with a 3-level decrease for acceptance of responsibility), his criminal history category is still II, making his new guidelines range 121 to 151 months in prison.  The district court denied that motion after "conclud[ing] that [Glover] is not eligible for a reduction under Amendment 750." Glover filed a motion for reconsideration, which the district court also denied. This is Glover's appeal.

## II.

We turn first to the government's contention that Glover's appeal is untimely.  We review de novo whether an appeal should be dismissed as untimely. See United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009).  A criminal

4

defendant has 14 days from the date that an order or judgment is entered to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). "Although a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure," the filing of such a motion within the 14-day period for filing a notice of appeal "tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion." United States v. Vicaria, 963 F.2d 1412, 1413–14 (11th Cir. 1992) (citing United States v. Dieter, 429 U.S. 6, 8–9, 97 S.Ct. 18, 19–20 (1976)). "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed. R. App. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

The district court denied Glover's § 3582(c)(2) motion on December 22, 2011, and Glover signed his motion for reconsideration 14 days later on January 5,

2012, which tolled the period for filing a notice of appeal.  See Vicaria, 963 F.2d at 1413–14.  The district court denied the motion for reconsideration on January 17, 2012, which restarted Glover's 14-day period for filing a notice of appeal.  See id.  Glover signed a notice of appeal 7 days later on January 24, 2012, so his appeal is timely.

### III.

Now for the merits issue.  Glover contends that the combined force of Amendments 750 and 759 to the sentencing guidelines makes him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We review de novo a district court's conclusion that a defendant is not eligible for a sentence reduction under § 3582(c)(2).  See Mills, 613 F.3d at 1074.

A district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (emphasis added).  Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  The Commission's policy statement on § 3582(c)(2) reductions explains that "[a] reduction in the defendant's term of imprisonment is not consistent with th[e] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . .

does not have the effect of lowering the defendant's applicable guideline range."

U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 2011) (emphasis added). The commentary to

that policy statement further explains:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with th[e] policy statement if . . . an amendment . . . is applicable to a defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

Id. § 1B1.10 cmt. n.1(A) (emphasis added). So, the statutory provision, the

Sentencing Commission's corresponding policy statement, and the commentary to

that policy statement all make it clear that a court cannot use an amendment to

reduce a sentence in a particular case unless that amendment actually lowers the

guidelines range in that case. It is that simple.

And it makes sense. The purpose of § 3582(c)(2) is to give a defendant the

benefit of a retroactively applicable amendment to the guidelines. That provision

gives the defendant an opportunity to receive the same sentence he would have

received if the guidelines that applied at the time of his sentencing had been the

same as the guidelines that applied after the amendment. But he is not to receive a

lower sentence than he would have received if the amendment had been in effect

at the time of his sentencing. The goal is to treat a defendant sentenced before the

7

amendment the same as those sentenced after the amendment.  That is why an amendment that alters the initial calculation of a guidelines range is not to be applied in a case where the difference in the initial calculation would have made no difference because a mandatory minimum would have trumped the initial calculation and dictated the final guidelines range anyway.

In Mills, we held that "[t]he law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum."  613 F.3d at 1078.  That holding controls here.  Glover was sentenced based on a guidelines range of life in prison because he was subject to a statutory mandatory minimum life sentence as a result of his prior felony drug convictions.  Because his guidelines range was based on a statutory mandatory minimum, Amendment 750 did not lower Glover's guidelines range.  Because Amendment 750 did not lower his guidelines range, Glover is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  See Mills, 613 F.3d at 1078 ("[T]he provision governing the Defendants' sentences, and the provision from which the district courts granted substantial assistance departures, was the range set by the statutory mandatory minimum, not the Guidelines sentencing range for crack cocaine offenses that was

8

subsequently changed by Amendment 706."); id. at 1079 ("The statutory mandatory minimums to which Defendants were subject meant that they were not sentenced 'based on a sentencing range' subsequently lowered by Amendment 706." (quoting 18 U.S.C. § 3582(c)(2)).

Glover contends that Amendment 759 to the guidelines abrogated our holding in Mills and similar decisions and gave the district court authority to lower his sentence because he provided substantial assistance to the government, even though neither that amendment nor any other amendment lowered his actual guidelines range.  He is wrong.  Amendment 759, which the Commission promulgated after we decided Mills, amended U.S.S.G. § 1B1.10(b)(2).  See U.S.S.G. App. C, amend. 759.  Section 1B1.10(b)(2)(A) provides that a district court may not "reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."  Before Amendment 759, an exception to that limitation allowed a district court to lower a defendant's prison sentence below the amended guidelines range if the original sentence was, for any reason, below the original guidelines range. See id. § 1B1.10(b)(2)(B) (Nov. 2010).  After Amendment 759, however, a district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the

9

defendant provided substantial assistance to the government.  See U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2011) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.").

Amendment 759 did nothing more than limit a district court's authority to reduce a defendant's sentence below the amended guidelines range.[1]  Contrary to

---

[1] The Sentencing Commission explained its reasoning behind the change:

The [pre-amendment] version of § 1B1.10 . . . dr[ew] a . . . distinction for cases in which the term of imprisonment was less than the minimum of the applicable guideline range, one rule for downward departures (stating that "a reduction comparably less than the amended guideline range . . . may be appropriate") and another rule for variances (stating that "a further reduction generally would not be appropriate'). See § 1B1.10(b)(2)(B). . . .  The Commission has determined that, in the specific context of §1B1.10, a single limitation [to sentence reductions below the amendment guidelines range] applicable to both departures and variances furthers the need to avoid unwarranted sentencing disparities and avoids litigation in individual cases.  The limitation that prohibits a reduction below the amended guideline range in such cases promotes conformity with the amended guideline range and avoids undue complexity and litigation.

U.S.S.G. App. C, amend. 759, reason for amend.  The Commission decided to allow the district court to reduce a defendant's sentence below the amended guidelines range only if that defendant was originally sentenced below the original guidelines range based on substantial assistance, reasoning that "[t]he guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or

10

Glover's argument, the amendment does not permit a court to reduce a defendant's sentence based on a guidelines amendment that does not lower his guidelines range. Instead, as we have discussed, a court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to crack cocaine base offense levels if and only if that retroactive amendment actually lowers the defendant's guidelines range. See 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . ." (emphasis added)); U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with th[e] policy statement if . . . the amendment <u>does not have the effect of lowering the defendant's applicable guidelines range</u> because of the operation of another guideline or statutory provision (<u>e.g.</u>, <u>a statutory mandatory minimum term of imprisonment</u>) (emphasis added)); <u>Mills</u>, 613 F.3d at 1078. Glover's guidelines range was—and still is—life in prison. Neither Amendment 750 nor 759 changes

statutory minimum." <u>Id.</u> Glover argues that the Commission's emphasis on substantial assistance in its reasoning undermines our holding in <u>Mills</u>, but it does not. Our holding in <u>Mills</u> controls this case because Glover's guidelines range is the same after the amendment as it was before.

11

that.  And because neither amendment changes his guidelines range, Glover is not entitled to resentencing under § 3582(c)(2).

**AFFIRMED.**