[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12486
Non-Argument Calender
_____

D.C. Docket No. 1:95-cr-00605-PAS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE MANUEL SALDANA,
a.k.a. Popeye,
a.k.a. John Gotti,
a.k.a. Jose Soto,
a.k.a. Pye,
a.k.a. Emanuel Santa,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 23, 2012)

Before CARNES, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Jose Saldana was convicted of one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Because Saldana had two prior felony drug convictions, he was subject to a mandatory minimum life sentence. See 21 U.S.C. §§ 841(b)(1)(A), 851. The presentence investigation report concluded that Saldana was responsible for at least 1.5 kilograms of crack cocaine, which made his base offense level 38. See United States Sentencing Guidelines § 2D1.1(c)(1) (Nov. 1995). Saldana received a 2-level increase under § 2D1.1(b)(1); a 4-level increase under § 3B1.1(a); and a 2-level increase under § 3C1.1. Saldana's total offense level was 46, but because the highest offense level that the sentencing table recognizes is 43, the court treated Saldana as having a total offense level of 43. See id. ch. 5, pt. A cmt. n.2. Saldana's criminal history category was IV, which resulted in a guidelines range of life in prison. The district court sentenced Saldana to life in prison on each count, with each sentence to run concurrently.[1]

---

[1] Saldana was also convicted of three counts of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district court sentenced Saldana to 5 years in prison on each of those counts, with the sentences to run consecutively to each other

Saldana filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendments 750 and 599 to the guidelines had reduced his guidelines range.  The district court denied that motion, concluding that it lacked authority to reduce Saldana's sentence because Saldana is subject to a mandatory minimum life sentence.  This is Saldana's appeal.

The district court did not err in denying Saldana's § 3582(c)(2) motion. Saldana contends that Amendment 750 lowered his base offense level to 34 and that Amendment 599 removed the 2-level increase he received under § 2D1.1(b)(1).  Based on those amendments, he argues, his amended total offense level is 40.  We will assume that Saldana is right about that calculation.  A total offense level of 40 and criminal history category of IV usually leads to a guidelines range of 360 months to life.  Saldana, however, is subject to a mandatory minimum life sentence.  Because that mandatory minimum is above the 360-month bottom of his otherwise-applicable amended guidelines range, that mandatory minimum becomes the bottom of his amended guidelines range.  See U.S.S.G. § 5G1.1(c)(2).  So, even assuming Amendments 750 and 599 lowered his total offense level, those amendments did not lower his original guidelines range

---

and to the sentences for the three drug convictions.  Saldana later filed a 28 U.S.C. § 2255 motion to vacate the sentences on two of the firearm counts, which the district court granted. The remaining firearm sentence is not at issue in this appeal.

3

of life in prison.  For that reason, the district court lacked authority to reduce his sentence under 18 U.S.C. § 3582(c)(2).  See United States v. Glover, — F.3d —, No. 12-10580, 2012 WL 2814303, at *3 (11th Cir. July 11, 2012) ("[A] court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case.").

**AFFIRMED.**