[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13212
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00006-RV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDALL IVAN BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 21, 2012)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Kendall Brown pleaded guilty to one count of conspiring to distribute and

possess with intent to distribute at least 50 grams of crack cocaine in violation of

21 U.S.C. § 841(a)(1), (b)(1)(A) and § 846, and one count of possession with intent

to distribute at least 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  The presentence investigation report concluded that Brown was responsible for two kilograms of crack cocaine, which made his base offense level 38.  See United States Sentencing Guidelines § 2D1.1(c)(1) (Nov. 2004).  He received a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 35.  Brown's criminal history category was VI, which resulted in a guidelines range of 292–365 months imprisonment.  But because Brown had at least two prior felony drug convictions, he was subject to a mandatory minimum life sentence.  See 21 U.S.C. § 841(b)(1)(A).  Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum of life imprisonment became the guidelines range of life in prison.  See U.S.S.G. § 5G1.1(b).

The government filed a U.S.S.G. § 5K1.1 substantial assistance motion, and the district court departed downward from Brown's guidelines range of life imprisonment and sentenced him to 270 months imprisonment on each count, with the sentences to run concurrently.  The government later filed a Fed. R. Crim. P. 35(b) substantial assistance motion and the court reduced Brown's sentences to 180 months imprisonment on each count, with the sentences to run concurrently.

Brown filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the guidelines had reduced his

2

guidelines range.  The district court denied that motion, concluding that it lacked authority to reduce Brown's sentence because he is subject to a mandatory minimum life sentence.  This is Brown's appeal.

The district court did not err in denying Brown's § 3582(c)(2) motion. Brown argues that Amendment 750 lowered his base offense level to 34, and after the acceptance of responsibility reduction his total offense level would be 31, resulting in a guidelines range of 188–235 months imprisonment.  Brown was sentenced based on a guidelines range of life in prison because he was subject to a statutory mandatory minimum life sentence as a result of his prior felony drug convictions.  Because his guidelines range was based on a statutory mandatory minimum, Amendment 750 did not lower Brown's guidelines range.  Because Amendment 750 did not lower his guidelines range, Brown is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  See United States v. Glover, 686 F.3d 1203, 1207 (11th Cir. 2012).

Brown also contends that he should have received a sentence reduction because under U.S.S.G. § 1B1.10(b)(2)(B), a defendant who received a substantial assistance downward departure may have his sentence comparably reduced below the amended guidelines range.  Section 1B1.10(b)(2)(B), however, does not permit a court to reduce a defendant's sentence based on a guidelines amendment that does not actually lower his guidelines range, as is the case here.  Glover, 686 F.3d

3

at 1207–08.  Brown further contends that the statutory mandatory minimum sentences set out in the Fair Sentencing Act of 2010 apply in a § 3582(c)(2) proceeding, but we need not address that question.  Because Brown was responsible for two kilograms of crack cocaine and had two prior felony drug convictions, he would be subject to a mandatory minimum life sentence both before and after the enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

**AFFIRMED.**