[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11540
Non-Argument Calendar
_____

D.C. Docket No. 5:06-cr-00015-RS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKEY ELLIOT ROULHAC,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 11, 2013)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rickey Roulhac, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Roulhac argues that: (1) he is entitled to a sentence reduction pursuant to Amendment 750, even though he was originally sentenced to the mandatory minimum, because his sentence was later reduced based on his substantial assistance to the government; and (2) the lower mandatory minimum sentences, enacted by the Fair Sentencing Act of 2010 ("FSA"), apply to defendants who, like him, were sentenced before the Act's effective date.

## I.

In 2006, Roulhac pled guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846 ("Count One"), and possession with intent to distribute 5 grams or more of cocaine base, in violation of § 841(a)(1) and (b)(1)(B)(iii) ("Count Two"). Subsequently, the government filed a notice of its intent to seek a sentence enhancement based on Roulhac's six prior felony drug convictions.

According to the presentence investigation report ("PSI"), Roulhac's offense involved "just over three kilograms of cocaine base." As a result, based on the 2005 Sentencing Guidelines Manual, the probation office assigned a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1). Roulhac received a two-level

enhancement for recklessly creating a substantial risk of death or serious bodily injury to another in the course of fleeing from law enforcement, under U.S.S.G. § 3C1.2, and a three-level reduction for acceptance of responsibility, under U.S.S.G. § 3E1.1(a) and (b).  Thus, his total offense level was 37.  Based on this offense level and a criminal history category of VI, Roulhac's guideline range initially was 360 months to life imprisonment.  However, as to Count One, Roulhac faced a mandatory minimum term of life imprisonment because of his prior felony drug convictions.  Accordingly, his guideline range became life imprisonment.

Roulhac filed no objections to the PSI, and ultimately, the court imposed concurrent life sentences for Counts One and Two.  Further, the court indicated that it had adopted the PSI without change, and that it had imposed the mandatory minimum sentence.

In August 2009, the government filed a motion and amended motion, pursuant to Fed.R.Crim.P. 35(b), advising the court of Roulhac's substantial assistance to law enforcement after sentencing, and requesting that the court determine whether his sentence should be reduced based on his assistance.  The court found that Roulhac had provided substantial assistance, and granted the government's Rule 35(b) motion.  As a result, on August 19, 2009, the court reduced Roulhac's sentence to 300 months' imprisonment.

In January 2012, Roulhac filed the instant *pro se* § 3582(c)(2) motion based on Amendment 750. In his motion, Roulhac argued that the FSA did not forbid defendants with statutory minimum sentences from obtaining a sentence reduction. Further, this Court's decision in *United States v. Williams*, 549 F.3d 1337 (11th Cir. 2008), which held that a substantial-assistance reduction did not eliminate the applicable mandatory minimum sentence, was distinguishable because it applied to Amendment 706. He suggested that, unlike Amendment 706, Amendment 750 specifically changed the mandatory minimum sentences for crack cocaine offenses. Based on principles of statutory construction, the FSA is retroactively applicable to all defendants with crack cocaine offenses. Under the FSA, Roulhac would have been subject to a mandatory minimum sentence of 5 years' imprisonment and a guideline range of 120 to 150 months' imprisonment, based on the 50 grams or more of cocaine to which he pled guilty. Further, his sentence should reflect the crack-to-powder cocaine disparities, which were not considered during his original sentencing proceeding. Thus, he requested that the court reduce his sentence to 120 months' imprisonment.

The district court denied Roulhac's § 3582(c)(2) motion. The court found that Roulhac did not qualify for a sentence reduction because applying Amendment 750 did not lower his applicable guideline range of life imprisonment.

4

Additionally, Roulhac was ineligible for a sentence reduction because, due to the Rule 35(b) motion, he had already been sentenced below the guideline range.

## II.

We review *de novo* the district court's determination that a defendant is not eligible for a sentence reduction under § 3582(c)(2). *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

When an applicable statutory mandatory minimum sentence is greater than the maximum of the applicable guideline range, the mandatory minimum becomes the guideline range. U.S.S.G. § 5G1.1(b). A court may only modify a term of imprisonment in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence reduction is not authorized if an amendment does not have the effect of lowering the defendant's applicable guideline range. *Glover*, 686 F.3d at 1206. Further, even if the defendant was originally sentenced below the statutory minimum due to the government's filing of a substantial-assistance motion, the district court's point of departure would be the mandatory minimum and would not "eliminate the otherwise applicable mandatory minimum." *Williams*, 549 F.3d at 1340-41.

Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment 759, makes permanent the temporary emergency Amendment 748, which lowered the base offense levels for particular crack cocaine quantities in § 2D1.1(c), pursuant to the FSA.  *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759.  In *Glover*, the defendant pled guilty to crack cocaine offenses in 2005 and was subject to a statutory mandatory minimum term of life imprisonment, which became his guideline range.  *Glover*, 686 F.3d at 1204-05.  However, based on a substantial-assistance motion filed by the government, the district court departed below the applicable guideline range and sentenced Glover to 204 months' imprisonment.  *Id.* at 1205.  Glover filed a § 3582 motion for a sentence reduction based on Amendment 750.  *Id.*  We held that Amendment 750 did not lower Glover's applicable guideline range, which "was—and still is—life in prison."  *Id.* at 1208.

Finally, the FSA, enacted on August 3, 2010, raised from 50 grams to 280 grams the threshold quantity of crack cocaine necessary to trigger a mandatory minimum sentence of life imprisonment for an offender with at least two prior felony drug convictions.  *See* Pub. L. No. 111-220 § 2(a)(1), 124 Stat. 2372 (2010), *codified at* 21 U.S.C. § 841(b)(1)(A)(iii).

The district court correctly denied Roulhac's § 3582(c)(2) motion because Amendment 750 did not lower his applicable guideline range.  Similarly to the

defendant in *Glover*, even though Roulhac ultimately received a below-Guidelines sentence based on substantial assistance, his applicable guideline range "was—and still is—life in prison."  *Glover*, 686 F.3d at 1204-05, 1208.  Thus, Roulhac was ineligible for a § 3582(c)(2) sentence reduction because Amendment 750, which did not alter the statutory mandatory minimum penalty as determined by Congress, does not effectively reduce his applicable guideline range of life imprisonment.  *Id.* at 1206.  Finally, Roulhac's reliance on the FSA is misplaced.  Even if the FSA applied to Roulhac, his mandatory minimum sentence would still have been life imprisonment because he was held responsible for more than 280 grams of crack cocaine.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).  As such, contrary to his argument, the provisions of the FSA would not have reduced the mandatory minimum sentence that applied to him.

For the foregoing reasons, we affirm the district court's denial of Roulhac's § 3582(c)(2) motion.

**AFFIRMED.**

7