[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13332
Non-Argument Calendar
_____

D.C. Docket No. 8:91-cr-00301-EAK-MAP-4


UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

LEVINE JUSTICE ARCHER,
a.k.a. Jamaican Joe,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(February 28, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Levine Justice Archer, a federal prisoner proceeding *pro se*, appeals the

district court's denial of a reduction of his sentence under 18 U.S.C. § 3582(c)(2),

pursuant to Amendment 750 to the Sentencing Guidelines.  Archer is currently

serving a total sentence of life imprisonment, imposed for two counts of conspiracy to commit racketeering, one count of conspiracy to distribute cocaine base, and two counts of possession with intent to distribute cocaine base. At sentencing, he was held responsible for the distribution of 54 kilograms of cocaine base. In his § 3582 motion, he requested that the district court reduce that sentence in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220 ("FSA"), which lowered the statutory mandatory minimum sentences for some crack offenses, as well as Amendment 750. The district court denied Archer's motion after finding that Amendment 750 did not lower his guideline sentencing range, as he had been sentenced to a statutory mandatory minimum sentence.

On appeal, Archer claims that the court erred in finding that he was not entitled to a § 3582(c)(2) reduction. In the district court, Archer relied both on Amendment 750 and also on the FSA. However, on appeal, Archer has made no argument with respect to and has not even mentioned the FSA. Accordingly, any claims in this respect are deemed waived. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We review *de novo* a district court's conclusion that a defendant is not eligible for a sentence reduction under § 3582(c)(2). *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012). We may affirm for any reason supported by the record. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

Under § 3582(c), the district court "may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c). A modification is permitted only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(2).  The Sentencing Guidelines, in a policy statement, note that a reduction in sentence as a result of an amended guideline range is not proper if the "amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750, effective November 1, 2011, reduced the base offense levels corresponding to some cocaine base possession offenses.  *See* U.S.S.G. App. C, Amend. 750, Part C, subpart A.  Amendment 750 specifically states, *inter alia*, that "the amendment does not lower the base offense levels, and therefore does not lower the sentences, for offenses involving the following quantities of crack cocaine: . . . 8.5 kilograms or more."  *Id.*

Archer was held responsible for 54 kilograms of cocaine base, and, therefore, Amendment 750 did not lower his applicable guideline range. Accordingly, Archer was not eligible for a § 3582(c)(2) sentence reduction, and we affirm the district court's denial on that ground.

**AFFIRMED.**