**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Markeith LOYD, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Derrick Bradshaw Ingram, a.k.a. Chico, a.k.a. Delji Tyson, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Jeremiah Nathan Waters, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Ryan Lawrence, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Leeotis Wilson, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Michael C. Dease, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Gregory Anthony Gomes, Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Eddie Jerald Brooks, a.k.a. Rod,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Antwain Devon Mitchell, a.k.a. Baby
Jesus, a.k.a. Water, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Todd Edgar Warthen, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Roderick Finnmark, Hadley,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Nathaniel Barnett, Jr., a.k.a. "G",
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Raynando Garcia, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Vincent Edward Underwood,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Darryl Williams, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jimmie Lee Ford, Jr., a.k.a. Hood,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Frankie Segarra, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Omar Antonio Anchico–Mosquera,
a.k.a. Willie Willie, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Darin Underwood, a.k.a. Buck,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Tabbiean Bellamy, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Christopher Michael Leigh,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

David Jerome Hollimon, agent of
Bubba, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Guillermo Ibarra–Martinez, a.k.a.
William Hidalgo, a.k.a. Wilson
Herrera, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Tracy Perez, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Wanda Barton, a.k.a. Tiny,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Alvin Freeman, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Charles Spigner, Jr., Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

William Bruce Regan, a.k.a. Big
Man, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jathaniel Brooks, a.k.a. Reggie Brooks,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Darrell C. London, a.k.a. D,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Rosanne Eron Simpson, a.k.a. Kevin
Smith, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Antwan Kneeor Brownlee,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Latavious Hazley, a.k.a. Tay, a.k.a. Big
Mush, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jonathan E. Foster, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Gregory Robinson, Defendant–
Appellant.

Nos. 11–16079, 12–10470, 12–10471, 12–
10476, 12–10501, 12–10547, 12–10570,
12–10690, 12–10691, 12–10692, 12–10726,
12–10804, 12–10918, 12–10946, 12–10950,
12–10951, 12–10952, 12–10985, 12–11053,
12–11576, 12–11765, 12–12365, 12–12472,
12–12494, 12–12498, 12–12553, 12–12647,
12–12648, 12–12652, 12–12704, 12–13141,
12–13222, 12–13318, 12–13446, 12–13621
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 28, 2013.

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, thirty-five defendants, each convicted (via a guilty plea or after trial) and sentenced for one or more crack-cocaine offenses, in violation of 21 U.S.C. § 841(a), prior to August 3, 2010—the effective date of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372—appeal the partial grants or denials of their 18 U.S.C. § 3582(c)(2) motions to reduce sentence based on Amendment 750 to the Sentencing Guidelines. In twenty-nine of the cases, the District Court denied the § 3582(c)(2) motion in full, on the ground that the defendant previously had received the minimum sentence mandated by statute. In six of the cases, the District Court granted the defendant's motion in part and reduced his sentence to the mandatory minimum prison term. In all thirty-five cases, the court denied further relief on the ground that it lacked the authority to reduce the defendant's sentence(s) below the mandatory minimum.

On appeal, each defendant advances these arguments: (1) because the FSA "generated" Amendment 750, the FSA must be applied "in conjunction with" Amendment 750 in a § 3582(c)(2) proceeding. Therefore, because the FSA lowered the mandatory minimum prison term prescribed for defendant's conviction(s), the court was authorized to further reduce his sentence(s) and (2) the Sentencing Commission's 2011 definition of "applicable

guideline range"—in U.S.S.G. § 1B1.10 comment. (n. 1(A))—renders defendant eligible for a sentence reduction "in light of the FSA's statutory and guideline changes," which operate to lower his "applicable guideline ranges." We considered and rejected these arguments in *United States v. Hippolyte,* 712 F.3d 535 (11th Cir.2013), which was decided after the appeals in these cases were briefed and controls our decision here.

As in these cases,

Hippolyte's position [was] that both Amendment 750 and the FSA apply in [a] § 3582(c) proceeding. He advance[d] the ... argument that one of the changes made by Amendment 759 to the Sentencing Guidelines ... was to add a brand-new definition of "applicable guideline range" to U.S.S.G. 1B1.10, and that the new definition significantly change[d] the way sentencing reductions work under § 3582(c).

*Id.,* at 538. He noted that prior to Amendment 759,

this court had defined the 'applicable guideline range' as 'the scope of sentences available to the district court, which could be limited by a statutorily imposed mandatory minimum 'guideline sentence' ... but that definition [was] obsolete because the Sentencing Commission ..., in Amendment 759, defined 'applicable guideline range' to include only the offense level and criminal history category, and to exclude any statutory mandatory minimums.

*Id.* at 538–39 (citation omitted).

we [we]re unpersuaded that Hippolyte's interpretation of Amendment 759's new definition of applicable guideline range is correct. Amendment 759 defines the applicable guideline range as 'the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a),

which is determined before consideration of any departure provision in the Guidelines Manual or any variance.' *U.S.S.G. § 1B1.10* cmt. n. 1(A) (2011). Section 1B1.1(a) prescribes an eight-step procedure for determining the applicable guideline range. Steps one through five determine the defendant's offense level. Step six determines the defendant's criminal history category. Step seven directs use of the Sentencing Table to find the guideline range by cross-referencing the previously-determined offense level and criminal history category. Step eight directs use of Chapter Five Parts B through G to determine various sentencing requirements and options. Section 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). *Thus, when one uses § 1B1.1 (a) to determine the applicable guideline range, one necessarily is required to take into account the mandatory minimum sentences that may be statutorily required.*

*Id.* at 540–541 (emphasis in original). We held that the District Court committed no error in denying Hippolyte's § 3582(c) for reduction of sentence.

Section 3582(c) requires that any sentence reduction be 'consistent with applicable policy statements issued by the Sentencing Commission.' The Sentencing Guidelines explain that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with th[e] policy statement if ... an amendment ... is applicable to a defendant *but the amendment does not have the effect of lowering the defendant's applicable guideline range because of* the operation of another guideline or statutory

provision (*e.g., a statutory mandatory minimum term of imprisonment*). *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir.2012) (emphasis in original) (quoting U.S.S.G. § 1B1.10 cmt. n. 1(A)). Amendment 750 has no effect on Hippolyte's sentence because it did not alter the statutory mandatory minimum sentence Hippolyte received. *Id.* at 541–42 (emphasis in original).

After addressing and rejecting Hippolyte's argument—the argument defendants advance here—we stated that "[w]e agree[d] with every other circuit to address the issue that there is 'no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'" *Id.* at 542.

For the foregoing reasons, the denial of § 3582(c) relief in these cases is

AFFIRMED.