[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11165
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80187-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO ANTONIO CASTRO,
a.k.a. Antonio,
a.k.a. Tony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2015)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Armando Antonio Castro appeals *pro se* the denial of motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). Castro's motion was based on Amendment 782 to the Sentencing Guidelines. We affirm.

Castro pleaded guilty to three offenses involving the illegal possession of and dealing in firearms, 18 U.S.C. §§ 922(a)(1)(A), 922(g)(8), 924(a)(2), 924(a)(1)(D), three counts of distributing a controlled substance, 21 U.S.C. § 841(a)(1), and one count of carrying a firearm in relation to drug trafficking, 18 U.S.C. § 924(c)(1). The district court grouped Castro's offenses involving drug distribution and possessing and distributing firearms, *see* U.S.S.G. § 3D1.2(a)–(c), and calculated his offense level based on the firearms offenses because they yielded a higher advisory guideline range, *see id.* § 2K2.1. With an adjusted offense level of 29 and a criminal history of I, Castro faced a sentence between 87 to 108 months of imprisonment and a consecutive sentence of five years for carrying a firearm in relation to a trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A). The district court sentenced Castro to 156 months of imprisonment.

The district court did not err when it denied Castro's motion to reduce. Because Castro was sentenced under the guideline for firearm offenses, U.S.S.G. § 2K2.1, not the drug quantity table, he was ineligible for a reduction of his sentence under Amendment 782. *See id.* § 1B1.10(a)(2)(B); *see also United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012). Castro argues that he was entitled

2

to a reduction under the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), but a district court cannot consider the sentencing factors unless it determines that a defendant is eligible for a sentence reduction. The district court lacked authority to reduce Castro's sentence.

We **AFFIRM** the denial of Castro's motion to reduce his sentence.