[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15483
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60208-WJZ-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN MICHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 23, 2015)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jean Michel appeals the denial of his motion for a sentencing reduction
pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782. In January
2014, Michel pled guilty to one count of conspiracy to possess with intent to

distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court determined that Michel was responsible for 10.18 kilograms of cocaine, and it assigned a base offense level of 32, pursuant to § 2D1.1(c)(4) of the 2013 Sentencing Guidelines Manual. The court determined that the "safety valve" provision in § 5C1.2 applied. As a result, it reduced Michel's offense level by two points, pursuant to § 2D1.1(b)(16), and it was authorized to sentence him without regard to the ten-year statutory minimum. See 21 U.S.C. § 841(b)(1)(A). Pursuant to the plea agreement, the court also applied a two-point minor role reduction and a one-point acceptance of responsibility reduction. See U.S.S.G. §§ 3B1.2(b), 3E1.1. In addition, because Michel received a minor role reduction and his base offense level was 32, he received an additional 2-point reduction, pursuant to § 2D1.1(a)(5)(i). His resulting total offense level was 25. With his criminal history category of I, Michel's final guideline range was 57-71 months. The court imposed a guideline sentence of 60 months.

In September 2014, Michel filed a pro se motion to reduce his sentence, pursuant to § 3582(c)(2) and Amendment 782, arguing that Amendment 782 reduced his base offense level by 2 points, resulting in an amended guideline range of 46-57 months. The district court denied the motion, on the ground that Amendment 782 did not lower Michel's guideline range because, at the time of sentencing, he received "an extra two-level reduction pursuant to [§

2

2D1.1(a)(5)(i)]." After he filed his notice of appeal, Michel filed a motion for appointment of counsel in the district court, and the district court granted the motion. On appeal, Michel, through counsel, argues that the district court erred in determining that Amendment 782 did not lower his guideline range. After thorough review, we affirm.

We review de novo a district court's conclusion that a defendant is ineligible for a sentencing reduction under § 3582(c)(2). United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012).

Under § 3582(c)(2), a district court may reduce the prison sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). For a defendant to be eligible for a reduction under § 3582(c)(2), the Sentencing Commission must have amended the Guidelines, the amendment must have lowered his guideline range, and the amendment must have been made retroactively applicable. United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012); U.S.S.G. § 1B1.10(a)(2), (d), & comment. (n.1(A)). Amendment 782, which became effective on November 1, 2014, provides a two-level reduction in the base offense level for most drug quantities listed in § 2D1.1(c). U.S.S.G. App.

3

C, amend. 782.  Amendment 782 has been made retroactively applicable.  Id., § 1B1.10(d).

The Guidelines policy statement in § 1B1.10(b)(1) provides:

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the [amendment] had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the [amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Id., § 1B1.10(b)(1).

The application note to § 1B1.10 provides:

[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10, comment. (n.1(A)).

We've explained that "[t]he purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines."  Glover, 686 F.3d at 1206.  It works by giving "the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment."  Id.  We've cautioned that the defendant "is not to receive a lower

sentence than he would have received if the amendment had been in effect at the time of his sentencing." Id. In other words, "[t]he goal is to treat a defendant sentenced before the amendment the same as those sentenced after the amendment. Id. at 1206-08 (holding the defendant was ineligible for a sentencing reduction under Amendment 750 because the amendment did not lower his guideline range, which was determined by the statutory minimum sentence of life imprisonment).

Here, we are unpersuaded by Michel's argument that the district court erred when it denied his motion for a sentence reduction and determined that he was no longer eligible for the 2-point reduction in § 2D1.1(a)(5)(i). Michel is correct that Amendment 782 did not amend § 2D1.1(a)(5)(i), under which he received a 2-point reduction at his original sentencing proceeding, based on his receipt of a minor role reduction under § 3B1.2 and his base offense level of 32 under the drug quantity table in § 2D1.1(c). However, in determining whether Michel was eligible for a sentencing reduction based on Amendment 782, the district court was required to "determine the amended guideline range that would have been applicable to [him] if [Amendment 782] had been in effect at the time [he] was sentenced." U.S.S.G. § 1B1.10(b)(1). If Michel had been sentenced after Amendment 782 went into effect, he would not have received a 2-point reduction under § 2D1.1(a)(5)(i) because his base offense level under the drug quantity table in § 2D1.1(c), based on his responsibility for 10.18 kilograms of cocaine, would

5

have been 30.  <u>See</u> U.S.S.G. App. C, amend. 782; <u>id.</u>, § 2D1.1(c)(5) (2014).

Importantly, under § 2D1.1(c)(5), no reduction in base offense level is available if

a defendant's offense level is less than level 32.  <u>See</u> U.S.S.G. § 2D1.1(a)(5)(i)

(providing that a defendant's base offense level is "[t]he offense level specified in

the Drug Quantity Table . . . , except that if (A) the defendant receives an

adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level" is

<u>level 32 or greater</u>, the offense level is decreased by two or more levels).

Because Michel's guideline range would not have been lower had he been

sentenced after Amendment 782 went into effect, he was not eligible for a

sentencing reduction based on the amendment.  <u>See</u> U.S.S.G. § 1B1.10(a)(2)(B) &

comment. (n.1(A)); <u>Berry</u>, 701 F.3d at 376; <u>Glover</u>, 686 F.3d at 1206.  Thus, the

district court did not err in denying his motion for a sentence reduction.

**AFFIRMED**.