[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12414
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80130-DTKH-19

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN SOUFFRANT,
a.k.a. Bug,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 26, 2016)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Jean Souffrant appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  He contends that he is entitled to a sentence reduction because Amendment 782 to the sentencing guidelines lowered his advisory guidelines range.

In 2011 Souffrant pleaded guilty to one count of conspiracy to possess with the intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The presentence investigation report calculated his base offense level at 32 based on the drug quantity table in U.S.S.G. § 2D1.1(a)(5), (c)(4) (2011), and after the application of several adjustments, it assigned him a total offense level of 27.  With his criminal history category of III, Souffrant's advisory guidelines range was 87 to 108 months.  Varying downward, the district court sentenced him to 84 months in prison.

In January 2015 Souffrant filed a pro se § 3582(c)(2) motion to reduce his sentence, contending that Amendment 782, which retroactively amended § 2D1.1, lowered his offense level and advisory guidelines range.  The district court agreed that Amendment 782 lowered Souffrant's base offense level to 30, but it found that his guidelines range remained the same.  That's because the lower base offense level prevented the court from applying a two-level downward adjustment for minimal participation under U.S.S.G. § 2D1.1(a)(5), which had been applied at Souffrant's original sentencing, because that adjustment applies only when a

2

defendant's base offense level is 32 or higher.  The removal of the § 2D1.1(a)(5) adjustment essentially canceled out the lower base offense level provided by Amendment 782, leaving Souffrant with the same advisory guidelines range of 87 to 108 months.  The district court concluded that it lacked the authority to reduce his sentence and denied his § 3582(c)(2) motion.

On appeal Souffrant, by counsel, contends that the district court erred when it concluded that he was no longer entitled to a downward adjustment under § 2D1.1(a)(5).  He argues that the district court should have lowered his base offense level to 30 under Amendment 782, and still applied all of the other guidelines calculations from his original sentencing, including the downward adjustment under § 2D1.1(a)(5), which would result in a lower amended guidelines range of 70 to 87 months.

We review de novo the district court's legal conclusions about its authority to reduce a sentence under § 3582(c)(2).  United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012).  We agree with the district court that Souffrant's guidelines range was not changed by Amendment 782, because he is no longer entitled to the two-level downward adjustment in § 2D1.1(a)(5).  To determine whether Souffrant should receive a reduction in sentence, we must "determine the amended guideline range that would have been applicable to [him] if [Amendment 782] had been in effect at the time [he] was sentenced."  U.S.S.G. § 1B1.10(b)(1).  If he had been

sentenced after Amendment 782 went into effect, Souffrant would not have received a downward adjustment under § 2D1.1(a)(5), because his base offense level would have been 30, not 32. See U.S.S.G. App. C, amend. 782; id. § 2D1.1(c)(5) (2014). Because Souffrant's guidelines range would not have been lower had he been sentenced after Amendment 782 went into effect, he is not eligible for a sentence reduction based on that amendment. See U.S.S.G. § 1B1.10(a)(2)(B),  cmt. n.1(A); Glover, 686 F.3d at 1206 (explaining that the goal of § 3582(c)(2) is to give a defendant the "opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment" to the guidelines).

**AFFIRMED.**