[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13881
Non-Argument Calendar
_____

D.C. Docket Nos.  8:97-cr-00021-SCB-AEP-3,
8:97-cr-00203-SCB-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANNA MARIE VILLEGAS,

Defendant-Appellant.


_____

No. 15-14149
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00164-EAK-TGW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO MONDRAGON,

Defendant-Appellant.

_____

No. 15-14156
Non-Argument Calendar
_____

D.C. Docket No.  8:09-cr-00490-JSM-EAJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAFNIS AUBDIEL CAMPOS-PEREZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 3, 2016)

Before ED CARNES, Chief Judge, JORDAN, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Under the advisory sentencing guidelines, most drug offenders' base offense

levels are calculated using U.S.S.G. § 2D1.1.  According to that guideline (and

2

subject to some exceptions not relevant here), an offender's base offense level is the offense level prescribed by the drug quantity table,

> except that if (A) the [offender] receives an adjustment under § 3B1.2 [for being a minor participant in the offense]; and (B) the base offense level under [the table] is . . . (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels.

U.S.S.G. § 2D1.1(a)(5).  The drug quantity table — found at § 2D1.1(c) of the guidelines — is a table that correlates quantities of drugs with offense levels.

The district courts in these consolidated appeals all applied § 2D1.1(a)(5) to calculate the appellants' base offense levels.  In each appellant's case, the sentencing court concluded that the drug quantity table assigned an offense level of 38.  Because each appellant also received a reduction under § 3B1.2 for being a minor participant in the offense conduct, the courts calculated the appellants' base offense levels to be 34 (38 minus 4).  That is exactly what § 2D1.1(a)(5) required and no one contends otherwise.

After the appellants' sentences had become final, the United States Sentencing Commission promulgated Amendment 782, which retroactively reduced by two levels all of the offense levels designated in the drug quantity table, which would reduce the appellants' drug quantity offense levels from 38 to 36. Based on that amendment, the appellants filed motions for reduced sentences under 18 U.S.C. § 3582(c)(2), which allows a district court to reduce an otherwise final sentence if the offender was "sentenced to a term of imprisonment based on a

3

sentencing range that has subsequently been lowered by the Sentencing Commission" and the "reduction is consistent with applicable policy statements" of the Commission.

Everyone agrees that the appellants are eligible for reduced sentences, since, by reducing their drug quantity table offense levels, Amendment 782 reduced their base offense levels and thereby lowered their guidelines ranges. The real question presented by the appellants' motions — and the only question on appeal — is how much of a reduction in their base offense levels the appellants are entitled to. In their motions, the appellants all contended that they were entitled to two-level reductions in their base offense levels. Their argument was (and is) that, because Amendment 782 purported to amend only the drug quantity table — and not § 2D1.1(a)(5) — the district courts should not have reconsidered and lowered the amount of the "minor participant" reduction the appellants had been awarded under § 2D1.1(a)(5)(B).

The district courts held otherwise. They agreed with the appellants that Amendment 782 reduced their drug quantity table offense levels by two — from 38 to 36. They further determined, however, that because the appellants' amended offense levels under the drug quantity table were 36 instead of 38, they were eligible for only a three-level reduction in offense level under § 2D1.1(a)(5)(B), instead of the four-level reduction they had previously received. The net effect of

4

Amendment 782 was a one-level reduction in the appellants' base offense levels. On that basis, the district courts partially granted and partially denied the appellants' motions, sentencing them to reduced prison terms based on one-level reductions in their base offense levels and the lower guidelines ranges that resulted.

The district courts were right. The guidelines instruct that, in determining the extent to which a guidelines amendment warrants a sentence reduction under § 3582(c)(2), "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10. Consistent with that provision, we have held that § 3582(c)(2)

> gives the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after [a given] amendment. But he is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing. The goal is to treat a defendant sentenced before the amendment the same as those sentenced after the amendment.

United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012) (emphasis added).[1] That principle decides these appeals. If we adopted the appellants' view, they would all end up with lower base offense levels (and presumably lower sentences)

---

[1] The appellants argue that our decision in Glover was abrogated by Guidelines Amendment 780. That amendment clarified only that, where an offender provides substantial assistance to the government so as to become eligible for a sentence below a statutory mandatory minimum, a court should not consider the mandatory minimum when ruling on the offender's § 3582(c)(2) motion. Although Amendment 780 may have affected another part of Glover, it does not call into question the part we have quoted in the text.

5

than if they had been sentenced after Amendment 782 took effect. Recall that the appellants were originally assigned base offense levels of 34. They argue that those base offense levels should be reduced by two levels (to 32) in light of Amendment 782.

Had the appellants been sentenced after the Commission issued Amendment 782, however, they would not have been assigned base offense levels of 32. Instead, under § 2D1.1(a)(5), their base offense levels would have been calculated by taking the 36 levels the drug quantity table assigned them and subtracting three levels (because the appellants received minor participant reductions under § 3B1.2), yielding base offense levels of 33. See U.S.S.G. § 2D1.1(a)(5)(B)(ii). None of the appellants disputes that conclusion, which is to say that all of them implicitly concede that they are asking for lower adjusted offense levels and guidelines ranges than they would have received had Amendment 782 been in effect when they were originally sentenced. That isn't how § 3582(c)(2) works. See Glover, 686 F.3d at 1206.

**AFFIRMED.**

6