[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-12238
Non-Argument Calendar

————————————————

D.C. Docket No. 5:03-cr-00023-KOB-PWG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANNON DEWAYNE STEELE,
a.k.a. Shannon Steele,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(April 2, 2013)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Shannon Dewayne Steele, a federal prisoner proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582 motion to reduce his sentence. Steele is currently serving a total sentence of 300 months' imprisonment, imposed after Steele pleaded guilty in 2003 to one count of conspiracy to possess with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 846, and three counts of distribution of crack in violation of 21 U.S.C. § 841.

Prior to sentencing, Steele's guideline range was 151 to 188 months' imprisonment, but Steele faced a statutory mandatory minimum sentence of life imprisonment because of his prior drug convictions, pursuant to § 841(b)(1)(A). Because the statutorily mandated sentence was greater than Steele's guideline range, the statutory mandatory minimum sentence of life became Steele's guideline sentence under U.S.S.G. § 5G1.1(b).

The government filed a motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which the district court granted, ultimately sentencing Steele to 300 months' imprisonment.

In October 2011, Steele filed a § 3582(c)(2) motion to modify his sentence. In his § 3582 motion, he requested that the district court reduce his sentence in light of: (i) Amendment 750 to the Sentencing Guidelines, which lowered the base offense levels corresponding to some crack offenses in U.S.S.G. § 2D1.1; and (ii) the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-120, 124 Stat. 2372,

2

which lowered the statutory mandatory minimum sentences for some crack offenses.  The district court denied Steele's motion, and this appeal followed.

We "review de novo a district court's conclusion that a defendant is not eligible for a sentence reduction under § 3582(c)(2)."  *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).  A district court may modify a term of imprisonment if a defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If that total sentence was based on something other than offense-level calculations, however, a guideline amendment would not impact his total sentence, and he would be ineligible for relief under § 3582(c)(2).  *United States v. Mills*, 613 F.3d 1070, 1076 (11th Cir. 2010).[1]

We first note that Steele does not argue on appeal that he was eligible for a reduction in sentence under Amendment 750 or § 1B1.10(b)(2)(B).  Therefore, any claims in this respect are deemed waived.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).  Moreover, we recently held in *United States v. Hippolyte*, 11th Cir. 2013,  — F.3d —, 2013 WL 978695 (No. 11-15933, March 14, 2013), that "when a defendant's sentence is based on a statutory

---

[1] We note that the fact that Steele is serving a 300 month sentence as the result of the government's motion for a downward departure does not change the mandatory minimum—life imprisonment—under which he was sentenced. *See United States v. Williams*, 549 F.3d 1337, 1341 (11th Cir. 2008) (per curiam) ("Further, we believe that a downward departure from this mandatory minimum does not constitute a waiver or dispensing of this new 'guideline range.'").

minimum under 21 U.S.C. § 841(b)(1) that is above the applicable guideline range, Amendment 750 does not lower that guidelines sentence, and the defendant is not eligible for a § 3582(c)(2) sentence reduction." *Id.* at *3 (internal quotation marks omitted).

Our decision in *Hippolyte* also forecloses Steele's remaining argument: that the FSA, enacted in 2010, applies retroactively to his 2003 sentence. In *Hippolyte*, we explained that the statutory mandatory minimums that applied were the ones that were in place when the defendant was sentenced. *Id.* at *5. There is simply "no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment." *Id.* (alterations in original) (internal quotation marks omitted). Therefore, because the FSA does not apply to Steele's case, § 3582(c)(2) does not authorize a sentence reduction.

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED**.