[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15365
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20673-DLG-25

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE TUCKER, JR.,
a.k.a. Bob,
a.k.a. VT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 5, 2013)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jimmy Lee Tucker, Jr., proceeding pro se, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.   The district court determined that Tucker was not entitled to a sentence reduction because he had been sentenced as a career offender under U.S.S.G. § 4B1.1.

We review de novo a district court's conclusion that a defendant is not eligible for § 3582(c)(2) relief.  United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012).  A district court may modify a term of imprisonment if a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Amendment 750 to the Sentencing Guidelines retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c).  See U.S.S.G. App. C, Amend. 750.

The record here shows that Tucker was sentenced as a career offender under § 4B1.1.  Tucker's base offense level under § 2D1.1 was 24 and his criminal history category was VI.  Because he qualified as a career offender under § 4B1.1, his base offense level increased to 32.  Tucker received a 3-point offense level reduction for acceptance of responsibility, yielding a final offense level of 29. Thus, his guideline sentencing range was 151 to 188 months.  At sentencing, the district court adopted the pre-sentence report's calculations, including Tucker's

2

designation as a career offender, but granted a downward variance because of the "small amount of drugs involved" in the offense. Tucker was sentenced to 139 months of imprisonment. After sentencing, the government filed a motion to reduce the sentence under Fed. R. Crim. P. 35 based on Tucker's substantial assistance. The district court granted the motion and reduced Tucker's sentence to 83 months.

Because Tucker's sentence was based on the sentencing range determined under § 4B1.1, Amendment 750 had no effect on the applicable sentencing range and Tucker is ineligible for § 3582(c)(2) relief. See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012). The district court's grant of a downward variance and sentence reduction do not alter this conclusion. There is no indication that the district court rejected Tucker's classification as a career offender or that it based Tucker's sentence on the guideline range that would have applied absent the career offender designation. See United States v. Moore, 541 F.3d 1323, 1329-30 (11th Cir. 2008). Instead, the district court simply granted a variance from the career offender guideline range based on the circumstances of the offense and then further reduced the sentence based on Tucker's substantial assistance. Accordingly, we affirm the district court's denial of Tucker's § 3582(c)(2) motion.

**AFFIRMED.**

3