[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12409
Non-Argument Calendar
_____

D.C. Docket No. 5:04-cr-00431-KOB-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LEE WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 8, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Christopher Lee Wilson, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence

reduction.  On appeal, Wilson argues that his guideline range was lowered by

Amendment 750 and the district court should consider whether the new lowered mandatory minimums in the Fair Sentencing Act of 2010 ("FSA") apply to him. For the reasons set forth below, we affirm the district court's denial of Wilson's § 3582(c)(2) motion.

## I.

In 2004, Wilson was indicted for conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 ("Count One"), distribution of and possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count Two"), and distribution of and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count Three"). The government subsequently filed a notice of intent to seek an enhanced penalty based on Wilson's three prior drug convictions, pursuant to 21 U.S.C. § 851. Wilson pled guilty to all three counts.

The presentence investigation report ("PSI") noted that, pursuant to the plea agreement, Wilson and the government had agreed that he was responsible for between 150 grams and 500 grams of cocaine base, but the PSI's description of Wilson's offense conduct only discussed approximately 153 grams of cocaine base. Relying on the agreed upon drug quantity, the PSI assessed a base offense level of 34, pursuant to U.S.S.G. § 2D1.1(c). After a 3-level reduction for

acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b), Wilson's total offense level was 31.  Based on this offense level and a criminal history category of VI, Wilson's guideline range ordinarily would have been 188 to 235 months. The PSI noted, however, that under 21 U.S.C. § 841(b)(1)(A), Wilson was subject to a mandatory minimum sentence of life imprisonment, which became his guideline range under U.S.S.G. § 5G1.1(b).

Prior to sentencing, the government filed a motion pursuant to U.S.S.G. § 5K1.1, requesting a sentence below the statutory mandatory minimum based on Wilson's substantial assistance.  In June 2005, the district court granted the motion and imposed a 235-month sentence as to each count, to be served concurrently.

In 2008, Wilson filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that a retroactive amendment to the Guidelines[1] operated to reduce his guideline range.  The district court denied Wilson's motion, finding that he was not entitled to a further sentence reduction because the amended guideline did not have the effect of lowering his applicable guideline range.  In its order, the court noted that Wilson's original and amended guideline ranges were both life imprisonment.  In 2010, Wilson filed a second § 3582(c)(2) motion for a

---

[1]  Although Wilson referenced "Amendment 9," he appears to have relied on Amendment 706 because he stated that the amended guideline became effective on November 1, 2007. *See* U.S.S.G. App. C, Amend. 706.

sentence reduction under Amendment 706, and the court dismissed his motion, citing its earlier order denying § 3582(c)(2) relief.

In November 2011, Wilson, proceeding *pro se*, filed the instant § 3582(c)(2) motion, requesting that the district court reduce his sentence pursuant to the FSA and retroactive Amendment 750. Wilson asserted that, under Amendment 750, his base offense level was reduced to 28, resulting in a total offense level of 25 and a lowered guideline range of 110 to 137 months' imprisonment.

In an order entered on April 20, 2012, the district court denied Wilson's motion. The court found that Wilson's guideline range was not lowered by Amendment 750. Further, the court noted that, under Amendment 750, absent the statutory mandatory sentence, Wilson's total offense level would have been reduced to 25, 27, or 29, depending on the specific drug quantity that could be attributed to him within the range of 150 to 500 grams of cocaine base. However, the court explained that Wilson was subject to a statutory mandatory minimum sentence of life imprisonment under § 841(b)(1)(A), which was his guideline term under both the prior and amended guidelines, pursuant to § 5G1.1(b).

## II.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). Filings by *pro se* litigants are construed liberally. *Id.*

4

A district court may modify a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A § 3582(c)(2) modification "does not constitute a de novo resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). In addressing whether a defendant is eligible for a § 3582(c)(2) reduction, a district court is to consider only the effect of the applicable guideline amendment, leaving "*all* original sentencing determinations . . . unchanged." *Id.* at 781-82 (emphasis in original) (holding that the district court correctly declined to consider "extraneous resentencing issues," including the defendant's Eighth Amendment challenge, which were properly reserved for a collateral attack). As such, even if a retroactive amendment would alter a defendant's offense level, he will be ineligible for § 3582(c)(2) relief if the amendment would "not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1(A); *see United States v. Glover*, 686 F.3d 1203, 1206-08 (11th Cir. 2012) (affirming the denial of a § 3582(c)(2) motion brought pursuant to Amendment 750, and holding that the district court did not have the authority to reduce Glover's sentence because he was sentenced based on a statutory mandatory minimum life sentence as a result of his prior convictions, even though he was

5

sentenced below the statutory minimum pursuant to the government's U.S.S.G. § 5K1.1 substantial assistance motion).

The FSA, enacted on August 3, 2010, raised from 50 grams to 280 grams the threshold quantity of crack cocaine necessary to trigger a mandatory minimum sentence of life imprisonment for an offender with two or more prior felony drug convictions. *See* Pub. L. No. 111-220 § 2(a)(1), 124 Stat. 2372 (2010), *codified at* 21 U.S.C. § 841(b)(1)(A)(iii). The Sentencing Commission subsequently promulgated emergency amendments to U.S.S.G. § 2D1.1, effective November 1, 2010, that, among other things, lowered the base offense level to 28 for offenses involving at least 112 but less than 196 grams of cocaine base; (2) 30 for offenses involving at least 196 but less than 280 grams of cocaine base; and (3) 32 for offenses involving at least 280 but less than 840 grams of cocaine base. *See* U.S.S.G. App. C, Amend. 748. The Commission made the changes to § 2D1.1 permanent, effective November 1, 2011. *See* U.S.S.G. App. C, Amend. 750; *see also id.* § 2D1.1(c)(7) (2011). The Sentencing Commission added Amendment 750, in relevant part, to U.S.S.G. § 1B1.10(c), making it retroactive and permitting prisoners to move for § 3582(c)(2) reductions based on its application. *See* U.S.S.G. § 1B1.10(c) (2011).

In *United States v. Berry*, we affirmed the denial of Berry's § 3582(c)(2) motion, filed pursuant to Amendment 750, because Amendment 750 had no effect

6

on Berry's initial guideline range of 360 months to life imprisonment, which was based on his status as a career offender, or his guideline sentence of life imprisonment, which applied because of his two prior felony drug convictions. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). In addition, we rejected Berry's argument that he was eligible for a § 3582(c)(2) reduction under the FSA, determining that "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case." *Id.* Even assuming that Berry could bring his FSA claim in a § 3582(c)(2) motion, we continued, his claim still failed because he was convicted and sentenced in 2002, and, as the other circuits that had addressed the issue had concluded, there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced before the August 3, 2010, date of the FSA's enactment. *Id*.

Our reasoning in *Berry* supports the conclusion that the district court did not have the authority to grant Wilson's § 3582(c)(2) motion because Amendment 750 had no effect on his guideline sentence of life imprisonment, and the FSA's reduced statutory mandatory minimum provisions did not apply to him. When Wilson was originally sentenced in 2005, his prior drug convictions, combined with the 153 grams of crack cocaine involved in the offense, subjected him to a statutory minimum sentence of life imprisonment. Because this mandatory penalty

7

exceeded the guideline range as calculated, it became Wilson's guideline sentence. *See* U.S.S.G. § 5G1.1(b).  As such, Amendment 750, which only affected the drug quantity tables in § 2D1.1, had no effect on Wilson's guideline sentence, and the district court was not authorized to grant him § 3582(c)(2) relief.  *See* U.S.S.G. App. C, Amend. 750; *Berry*, 701 F.3d at 376-77; *Glover*, 686 F.3d at 1207-08.

Furthermore, Wilson was not eligible for a § 3582(c)(2) reduction based on the FSA because the FSA is not a guidelines amendment by the Sentencing Commission, but instead a statutory change by Congress.  *See Berry*, 701 F.3d at 377.  In any event, even assuming that Wilson could raise his FSA claim in the § 3582(c)(2) motion, it appears that his claim fails because he was sentenced in 2005, prior to the August 3, 2010, effective date of the FSA, and therefore, he cannot benefit from the FSA's lower statutory mandatory minimum provisions. *See id.* (holding, in the context of a § 3582(c)(2) proceeding, that the FSA's revised mandatory minimums do not apply to defendants sentenced before the August 3, 2010, effective date of the FSA).

For the foregoing reasons, we affirm the district court's denial of Wilson's § 3582(c)(2) motion.

**AFFIRMED.**

8