[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-12535
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00205-VEH-TMP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC TRAMMELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 30, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Cedric Trammell, proceeding *pro se*, appeals the district court's denial of his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Mr. Trammell

contends that the district court should have reduced his 120-month sentence

because it was incorrect when it was imposed, as the government failed to give him notice at his original sentencing that he was subject to an enhancement under 21 U.S.C. § 851. He also argues that he is eligible for a sentence reduction under both Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 (FSA). Having considered the parties' briefs and the record, we affirm.

## I.

Mr. Trammell pled guilty in 2008 to one count of knowingly possessing five grams or more of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Because he had a prior felony drug conviction, he was subject to an increased penalty under 21 U.S.C. § 851. At his plea hearing, the district court asked Mr. Trammell if he understood the § 851 enhancement filed by the government because of his earlier drug crime. The court also asked Mr. Trammell if he understood that he could receive, among other penalties, "not less than ten years imprisonment." After both questions, Mr. Trammell acknowledged that he understood.

At sentencing, the district court determined that Mr. Trammell's base offense level was 26 and that he was due a 3-level reduction for acceptance of responsibility, making his total offense level 23. The court also determined that, because of the § 851 enhancement, Mr. Trammell's statutory mandatory minimum of 120 months became his advisory guidelines range. The court then sentenced Mr.

2

Trammell to 120 months' imprisonment, specifically noting that it had imposed the statutory mandatory minimum sentence. [1]

In 2011, Mr. Trammell filed a *pro se* §3582(c)(2) motion based on Amendment 750. The district court denied the motion because Amendment 750 did not lower Mr. Trammell's advisory guidelines range, and Mr. Trammell appealed that denial to us.

## II.

We review *de novo* a district court's conclusion that a defendant is not eligible for a sentence reduction under § 3582(c)(2). *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

## A.

Mr. Trammell's first argument on appeal—that his sentence was incorrect as imposed because he was not given notice of the § 851 enhancement—is both refuted by the record and outside the scope of a § 3582(c)(2) motion. Indeed, the record reflects that the government electronically filed an information alerting Mr. Trammell to the § 851 enhancement more than four weeks before his plea hearing. During the plea hearing, Mr. Trammell acknowledged that he understood the

---

[1] Mr. Trammell's total offense level of 23 and criminal history category of III produced an advisory range of 57 to 71 months under the 2008 guidelines. Because his statutory mandatory minimum (after the § 851 enhancement) was 120 months, *see* 21 U.S.C. § 841(b)(1), that figure became his advisory guidelines range. *See* U.S.S.G. § 5G1.1(b). Although the court did not lay out these calculations step-by-step at the sentencing hearing, it did explain them when it denied Mr. Trammell's § 3582(c)(2) motion in 2012.

enhancement. And, after the district court specifically explained that his possible maximum penalty included imprisonment of not less than ten years or more than life, Mr. Trammell once again indicated that he understood. Put simply, the record does not support Mr. Trammell's contention that he received no notice of the § 851 enhancement.

But, even if Mr. Trammell were correct that the government failed to notify him of the § 851 enhancement and that he therefore should not have been subject to a 120-month statutory mandatory minimum, he would not be due the relief he seeks. We have recognized that § 3582(c)(2) proceedings are not full resentencings and do not allow district courts to revisit rulings made at the original sentencing hearing. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). An alleged flaw, like the one Mr. Trammell argues exists here, in such a ruling does not permit a sentence reduction under § 3582(c)(2). *See id.*

**B.**

Mr. Trammell also argues that the district court was authorized to consider his § 3582(c)(2) motion because Amendment 750 lowered his advisory guidelines range. But, as the district court noted when it denied relief, Mr. Trammell was subject (and sentenced) to a 120-month statutory mandatory minimum. We have held that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower a defendant's otherwise-applicable

4

advisory guidelines range, when the defendant was sentenced based on a statutory mandatory minimum. *See United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010). Because Mr. Trammell was sentenced based on a statutory mandatory minimum, the district court had no authority to reduce his sentence under § 3582(c)(2). *See Glover*, 686 F.3d at 1207.

## C.

Mr. Trammel's final argument is that he is eligible for a sentence reduction under the FSA, which reduced the statutory mandatory minimums for crack cocaine offenses in § 841(b) and eliminated the statutory mandatory minimum sentence for § 841(a) crack cocaine offenses involving fewer than 28 grams. While the FSA would apply to Mr. Trammell if he were being sentenced today (because he was held responsible for 21.2 grams), we recently reiterated that the Act does not apply to defendants who were sentenced before it took effect in 2010. *See United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013). Because Mr. Trammel was sentenced in 2008, the FSA does not entitle him to a sentence reduction. *See id.*

## IV.

The district court's denial of Mr. Trammell's motion for a sentence reduction under § 3582(c)(2) is affirmed.

**AFFIRMED.**

5