[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12651
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60248-WJZ-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAKILA GORDON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Nakila Gordon, a federal prisoner convicted of crack cocaine offenses, appeals the denial of her counseled 18 U.S.C. § 3582(c)(2) motion to reduce her sentence based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 ("FSA").  After review, we affirm.

Under § 3582(c)(2), a district court has the authority to reduce a defendant's prison term if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  If, however, the defendant's sentencing range is not lowered by a retroactively applicable guideline amendment, the district court has no authority to reduce the defendant's sentence. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10(a)(2)(B).  Thus, a reduction is not authorized if an applicable amendment does not lower a defendant's guidelines range "because of the operation of another guideline or statutory provision," such as the statutory mandatory minimum term of imprisonment.  U.S.S.G. § 1B1.10 cmt. n.1(A); see also United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012) (explaining that a sentence reduction is not authorized "where the difference in the initial calculation would have made no

2

difference because a mandatory minimum would have trumped the initial calculation and dictated the final guidelines range anyway").[1]

Gordon's initial advisory guidelines range was 97 to 121 months' imprisonment using a base offense level of 32 under U.S.S.G. § 2D1.1. Because the mandatory minimum under 21 U.S.C. § 841(b)(1)(A) was ten years, or 120 months, Gordon's guidelines range became 120 to 121 months. See U.S.S.G. § 5G1.1(c)(2) (prohibiting the district court from imposing a guidelines sentence below the statutory mandatory minimum sentence).

At Gordon's April 17, 2009 sentencing, the district court imposed the mandatory-minimum 120-month sentence required by § 841(b)(1)(A). Thus, even if Amendment 750 changed Gordon's base offense level under U.S.S.G. § 2D1.1 from 32 to 28, it did not actually lower her applicable guidelines range. See Glover, 686 F.3d at 1206.

Gordon contends that she is eligible for a § 3582(c)(2) sentence reduction because the FSA lowered the mandatory minimum sentence for her offense from ten years to five years. See Pub. L. No. 111-220 § 2(a), 124 Stat. 2372 (2010). The FSA, however, does not serve as a basis for a § 3582(c)(2) sentence reduction because it is a statutory change implemented by Congress, not a guidelines

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. Liberse, 688 F.3d 1198, 1200 n.1 (11th Cir. 2012).

3

amendment enacted by the Sentencing Commission.  See United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).  Furthermore, the FSA does not apply retroactively to defendants like Gordon who were sentenced before its August 3, 2010 enactment.  Id.; see also United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013).  Thus, neither Amendment 750 nor the FSA provided a basis for the district court to reduce Gordon's sentence under § 3582(c)(2).

Accordingly, we affirm the district court's denial of Gordon's § 3582(c)(2) motion to reduce her sentence.

**AFFIRMED.**