[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16367
Non-Argument Calendar
_____

D.C. Docket No. 5:04-cr-00023-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JOHN COOK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 25, 2013)

Before DUBINA, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Robert John Cook, proceeding *pro se*, appeals the district court's

denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, pursuant to

Amendment 750 to the Sentencing Guidelines governing crack cocaine offenses. Cook previously pled guilty to conspiring to distribute and possess 50 or more grams of a substance containing crack cocaine and 500 or more grams of a substance containing a detectible amount of crack cocaine. Although his pre-sentence report designated him as a career offender under U.S.S.G. § 4B1.1, Cook's applicable guideline range was 360 months to life imprisonment based on drug quantity under U.S.S.G. § 2D1.1. The district court sentenced Cook to life imprisonment, the statutory mandatory minimum for his offense under 21 U.S.C. § 841(b)(1)(A), based on two prior offenses. The district court subsequently reduced Cook's sentence below the mandatory minimum under Fed.R.Crim.P. 35(b), for substantial assistance. The district court presiding over Cook's § 3582(c)(2) motion found Cook ineligible for relief because he had been sentenced as a career offender.

On appeal, Cook argues that the district court erred in denying his § 3582(c)(2) motion for reduction of sentence. He contends that the court erroneously based its ruling on an inaccurate determination that his sentence was controlled by the Guidelines for career offender, rather than drug quantity. Cook emphasizes that the relevant issue is whether the district court correctly denied § 3582(c)(2) relief based on his career offender status, not whether his mandatory minimum of life imprisonment rendered him ineligible for such relief.

"We review *de novo* a district court's conclusion that a defendant is not eligible for a sentence reduction under § 3582(c)(2)." *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment 759, revised the crack cocaine quantity tables listed in § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750, Reason for Amendment; *id.* Amend. 759. In 2010, the Fair Sentencing Act ("FSA") raised the drug quantity thresholds of crack cocaine required to trigger the mandatory minimum imprisonment terms. U.S.S.G. App. C, Amend. 750, Reason for Amendment. To account for the statutory changes in crack cocaine sentencing, the Sentencing Commission implemented Amendment 750 to revise the drug quantity table to lower the base offense levels for crack cocaine. *See* U.S.S.G. App. C, Amend. 750, Reason for Amendment; U.S.S.G. § 2D1.1(c)(7).

Under § 3582, district courts are permitted to modify a term of imprisonment when a defendant is sentenced pursuant to a sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, a reduction is not authorized under § 3582(c)(2), even when the retroactive amendment applies to the defendant, if the amendment does not have the effect of lowering the applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B) & comment. (n.1(A)); *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008). Such

3

situations include those in which the retroactive amendment would result in a lower base offense level if the defendant was not subject to a statutory mandatory minimum sentence. *Glover*, 686 F.3d at 1206; *see United States v. Williams*, 549 F.3d 1337, 1340-41 (11th Cir. 2008) (holding that a sentence based on a mandatory minimum was unaffected by Amendment 706 to the Sentencing Guidelines). Even if the defendant is sentenced below the statutory mandatory minimum, due to the government filing a substantial assistance motion, the district court's downward departure does not constitute a waiver of the applicability of the mandatory minimum; thus, the sentence remains based upon the mandatory minimum for purposes of § 3582(c)(2). *Williams*, 549 F.3d at 1340-41; *United States v. Mills*, 613 F.3d 1070, 1077-78 (11th Cir. 2010) (holding that "the operative provision in determining [the defendants'] applicable sentencing range is the statutory minimum, . . . not the crack cocaine Guideline," and that the defendants were "still subject to the mandatory minimum, upon which their substantial assistance departures—and thus their ultimate sentences—were based.").

In this case, regardless of which Guideline applied, we conclude that Cook's original sentence was subject to a statutory mandatory minimum sentence of life imprisonment; thus, he was not eligible for § 3582(c)(2) relief, despite his subsequent sentence reduction for substantial assistance. *See Glover*, 686 F.3d at

4

1206; *Mills*, 613 F.3d at 1077-78.  Although the district court denied Cook's

§ 3582(c)(2) motion on the ground that he was sentenced as a career offender, we

"may affirm for any reason supported by the record, even if not relied upon by the

district court," *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir.), *cert.

denied*, 133 S. Ct. 288 (2012) (internal quotation marks omitted).  Because Cook's

original sentence was governed by a statutory mandatory minimum, Amendment

705 to the Sentencing Guidelines did not operate to reduce his sentencing range.

Accordingly, Cook is not eligible for a sentence reduction under § 3582(c)(2).

**AFFIRMED.**