[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10490-BB
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-14001-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE FRANK GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 1, 2015)

Before WILSON, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Willie Frank Graham, a pro se federal prisoner who was sentenced as a career offender under U.S.S.G. § 4B1.1, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction.  Graham seeks a reduction under Amendment 782 to the Sentencing Guidelines.  The district court held that Graham is ineligible for relief under Amendment 782 because he is a career offender.  On appeal, Graham argues that his career offender status does not bar him from relief.  Alternatively, he asserts the sentencing court erred in concluding he is a career offender and, therefore, he is entitled to a sentence reduction.  Both of these arguments fail.  Accordingly, we affirm.

First, Graham cannot obtain relief under Amendment 782 because his career offender status forestalls the amendment from lowering his guideline range.  Section 3582(c)(2) only authorizes a sentence reduction if the relevant guideline amendment has "the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 782 reduced the base offense levels for most drug sentences calculated pursuant to U.S.S.G. § 2D1.1(c).  *See* U.S.S.G.App. C, amend. 782.  But, as a career offender, Graham is subject to the offense level and guideline range found in U.S.S.G. § 4B1.1.  As a result, applying Amendment 782 to Graham does not lower his guideline range.  Under these circumstances, the district court's denial of Graham's § 3582(c)(2) motion was proper.  *See United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("a

2

court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case").

Second, under the present procedural posture, Graham cannot challenge the sentencing court's determination that he is a career offender. Section 3582(c)(2) only "permits a sentence reduction within the narrow bounds established by" the guideline amendments at issue. *Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010). "In making [a § 3582(c)(2)] determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*." U.S.S.G. § 1B1.10(b)(1) (emphasis added). Amendment 782 does not affect U.S.S.G. § 4B1.1(a) or any related career offender provisions. *See* U.S.S.G.App. C, amend. 782. Accordingly, the sentencing court's career offender decision is "outside the scope of the proceeding authorized by § 3582(c)(2)." *See Dillon*, 560 U.S. at 831, 130 S. Ct. at 2694.

**AFFIRMED.**