[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15594
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20792-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN PHILIP STIRLING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 12, 2016)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

John Stirling appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.   He contends that he is entitled to a sentence reduction because Amendment 782 to the sentencing guidelines lowered his advisory guidelines range.

In 2013 Stirling pleaded guilty under a plea agreement to one count of conspiracy to possess with the intent to distribute 500 grams or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503 and 70506.  In the plea agreement, made under Federal Rule of Criminal Procedure 11(c)(1)(C), Stirling and the government agreed to jointly recommend that the district court impose a sentence of 90 months.  The plea agreement explicitly stated that "[t]he defendant is aware that under Rule 11(c)(1)(C) this recommendation would bind the court once the court accepts [the] plea agreement."  The agreement did not reference the sentencing guidelines or the drug weight attributable to Stirling.  A factual proffer submitted at the change of plea hearing, however, stated that Stirling was the master of a vessel that contained 381 kilograms of cocaine and 1.001 kilograms of heroin.  At sentencing the district court accepted the plea agreement and sentenced Stirling to 90 months in prison based solely on the recommendation in the plea agreement.

In 2014 Stirling filed a pro se § 3582(c)(2) motion to reduce his sentence, contending that Amendment 782, which retroactively amended the drug quantity

2

table in U.S.S.G. § 2D1.1, lowered his advisory guidelines range.  The district court denied Stirling's motion, finding that his 90-month sentence was well below the amended guidelines range that would be applicable to an offense involving the drug quantities that had been attributed to him in the factual proffer.

We review de novo the district court's legal conclusions about its authority to reduce a sentence under § 3582(c)(2).  United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012).  We can affirm the district court's decision on any ground supported by the record.  Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

The district court correctly denied Stirling's § 3582(c)(2) motion, although it did so for the wrong reasons.  The fact that the proffer submitted at Stirling's change of plea hearing included the amount of drugs found on his vessel is irrelevant.  The court lacked the authority to reduce his sentence because the sentencing judge based that sentence on the terms of his Rule 11(c)(1)(C) plea agreement.  See United States v. Freeman, 564 U.S. ___, 131 S. Ct. 2685, 2695–96 (2011) (Sotomayor, J., concurring in the judgment) (explaining that a defendant sentenced under a Rule 11(c)(1)(C) plea agreement is generally ineligible for a § 3582(c)(2) sentence reduction because his original sentence was dictated by the terms of the plea agreement, not the sentencing guidelines); United States v. Lawson, 686 F.3d 1317, 1321 n.2 (11th Cir. 2012) (noting that Justice Sotomayor's

concurring opinion constitutes the holding of <u>Freeman</u>).  A defendant who pleaded guilty under Rule 11(c)(1)(C) plea agreement may be eligible for a sentence reduction if the plea agreement's sentence recommendation is explicitly based on a particular guidelines range.  <u>See</u> <u>Freeman</u>, 131 S. Ct. at 2698–98 (Sotomayor, J., concurring in the judgment).   But that's not the case here.  Stirling's plea agreement did not mention the sentencing guidelines, and neither did the district judge at sentencing.  Because Stirling's sentence was not based on the sentencing guidelines, he was not entitled to a sentence reduction under Amendment 782.

**AFFIRMED.**