[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11768
Non-Argument Calendar

_____

D.C. Docket No. 5:08-cr-00242-RDP-HNJ-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT M. EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 19, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Robert Evans, a federal prisoner serving a life sentence, appeals from the district court's denials of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (which was based on Amendment 782 to the Sentencing Guidelines) and his motion for compassionate release under the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i).  We affirm as to the denial of the § 3582(c)(2) motion, but vacate and remand as to the denial of the compassionate release motion.[1]

## I

We review *de novo* the district court's authority to reduce a sentence under 18 U.S.C. § 3582(c)(2).  But we review for abuse of discretion the district's decision as to whether to reduce a sentence pursuant to that provision.  *See United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008).

## A

Mr. Evans was a career offender under § 4B1.1 of the United States Sentencing Guidelines. But the offense level used to calculate his guideline range was derived from the drug-quantity table in U.S.S.G. § 2D1.1, because the § 2D1.1 offense level was greater than the offense level under the career-offender table.  *See* U.S.S.G. § 4B1.1(b).  Under the career-offender table, Mr. Evans' offense level was 37 because the statutory maximum penalty for his convictions was life

---

[1] As we write for the parties, we discuss the facts and procedural history only as necessary to explain our decision.

imprisonment.  *See* U.S.S.G. § 4B1.1(b)(1).  Because the offense level from the career-offender table (level 37) was less than the offense level for the underlying offense adjusted for possession of a dangerous weapon (level 38), the PSR followed the instructions of § 4B1.1(b) and used the greater of the two levels (level 38) to determine Mr. Evans' guideline range—360 months to life imprisonment.

The district court sentenced Mr. Evans to life in prison and stated that the life sentence was imposed to provide just punishment and adequate deterrence.  We affirmed Mr. Evans' convictions and sentence on appeal and found no error in the district court's career offender classification.  *See United States v. Goodlow*, 389 F. App'x 961, 971 (11th Cir. 2010).

**B**

The district court denied Mr. Evans' § 3582(c) motion because the operation of the career offender guideline, § 4B1.1, did not authorize a reduction.  We agree.

Under § 3582(c)(2), a defendant is eligible for a sentence reduction if (1) he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Mr. Evans was therefore ineligible for a sentence reduction if Amendment 782 did "not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  As we have explained, "[w]here a retroactively

applicable guideline amendment reduces a defendant's base offense level but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

Had Amendment 782 been in effect at the time of Mr. Evans' sentencing, the district court would have used offense level 37 from the career offender guideline (instead of the lower offense level from the drug quantity table adjusted for the firearm possession) to calculate his guideline range. *See United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012). An offense level of 37, together with Mr. Evans' criminal history category of VI, would have established the same advisory guideline imprisonment range of 360 months to life.

In short, Mr. Evans is not eligible for a sentence reduction under § 3582(c)(2). Although Amendment 782 may have reduced his § 2D1.1 offense level, it did not have the effect of lowering his applicable guideline range due to § 4B1.1, the career offender provision.[2]

**III**

---

[2] For the first time on appeal, Mr. Evans argues that the district court should have construed his § 3582(c)(2) motion as also requesting relief under § 404(b) of the First Step Act. *See generally United States v. Jones*, 962 F.3d 1290, 1299–1300 (11th Cir. 2020) (explaining eligibility under § 404(b)). As Mr. Evans has not attempted to show plain error, we decline to address this argument.

We review for abuse of discretion the denial of a defendant's motion for compassionate release under the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) ("Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one that we will review only for abuse of discretion."). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous. *See id*. A district court also abuses its discretion when "it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable statutory factors [set out in 18 U.S.C. § 3553(a)]." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

Mr. Evans based his motion for compassionate release on numerous physical ailments from which he was suffering. Among other things, he detailed that a car accident in 2003 had caused injuries to his spinal cord and pelvic nerves. Those injuries significantly weakened his legs, such that he required a walker or wheelchair to move. They also resulted in urinary incontinence and irreversible, significant muscular wasting and atrophy of his buttocks and legs. Mr. Evans further explained that, while incarcerated, he had developed severe ulcers on his buttocks, which required multiple hospitalizations, medications, and debridements. One ulcer was

5

so severe that necrotizing fasciitis and a streptococcal infection had penetrated to his bones, requiring his hospitalization. He asserted that if he did not receive proper physical therapy, he would lose his remaining mobility.

The district court was required to consider several variables in ruling on Mr. Evans' motion for compassionate release. It had to determine whether there were "extraordinary and compelling" reasons as set forth in U.S.S.G. § 1B1.13, the applicable policy statement by the Sentencing Commission. If "extraordinary and compelling" reasons existed, it then had to decide, in the exercise of its discretion, whether to reduce the sentence after considering the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1251–52, 1254 (11th Cir. 2021).

Mr. Evans argued that a time-served sentence was warranted because his physical ailments were extraordinary and compelling; that the relevant § 3553(a) factors supported the reduction or were at least neutral; and that granting the motion was consistent with § 1B1.13's policy statement.

The district court did not address any of those grounds. Instead, it denied the motion because Mr. Evans had been transferred to FMC Butner, a federal prison for inmates with medical needs. It stated that, "[i]n light of this development, [Mr.] Evans' pending motions seeking compassionate release based on his medical conditions are denied." D.E. 1244 at 2 (alterations in the original). That observation,

while perhaps relevant to an overall discretionary determination, is by itself insufficient to allow for meaningful appellate review. *See Cook*, 998 F.3d at 1184–85. The district court did not determine whether Mr. Evans' medical conditions were extraordinary and compelling.  Nor did it discuss § 1B1.13 or the § 3553(a) factors.

In *Cook*, we explained that "a district court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* (internal quotation marks omitted).  That means that, "[a]t minimum, we must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied upon." *Id.* at 1185.  "If we cannot tell whether a district court weighed the relevant factors, then we cannot tell whether it abused its discretion." *Id*. at 1184.  That is the situation here.  Because "we cannot engage in meaningful appellate review[, we] must vacate and remand." *Id.* at 1185 (internal quotation marks omitted).

## IV

We affirm the district court's denial of Mr. Evans' motion pursuant to § 3582(c)(2), but we vacate its denial of Mr. Evans' motion for compassionate release pursuant to § 3582(c)(1)(A)(i), and remand for further proceedings.

**AFFIRMED IN PART AND VACATED IN PART.**